## KEYES *v.* THE UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

Submitted November 13th, 1883.—Decided November 26th, 1883.

*Constitutional Law—Courts-Martial—Executive.*

The president has the power to supersede or remove an officer of the army by appointing another in his place, by and with the advice and consent of the Senate.

Such power was not withdrawn by the provision in § 5 of the act of July 13th, 1866, c. 176 (14 Stat. 92), now embodied in § 1229 of the Revised Statutes, that "no officer in the military or naval service shall, in time of peace, be dismissed from service, except upon and in pursuance of the sentence of a court-martial to that effect, or in commutation thereof."

Where a court-martial has cognizance of the charges made, and has jurisdiction of the person of the accused, its sentence is valid, when questioned collaterally, although irregularities or errors are alleged to have occurred in its proceedings, in that the prosecutor was a member of the court and a witness on the trial.

No opinion is expressed as to the propriety of such proceedings.

The appellant brought a suit against the United States, in the court of claims, on the 2d of February, 1880, claiming to recover the sum of $4,236.36, for his pay as a second lieutenant in the 5th regiment of cavalry, in the army of the United States, from the 28th of April, 1877. That court dismissed his petition, on the following facts found by it : In February, 1877, the appellant was tried on four charges and specifications, before a general court-martial composed of ten officers. One of them, Colonel Merritt, was the colonel of the 5th cavalry. They were all present. The appellant being before the court, and the order appointing it being read, he was asked if he had any objection to any' member of the court present, named in the order, to which he replied in the negative. The oaths were then administered to the members of the court in the presence of the appellant. The first three of the charges and specifications were preferred by the lieutenant-colonel of the 5th cavalry, and the fourth by Colonel Merritt. The appellant was represented by counsel of his own selection. He pleaded not guilty. Colonel Merritt was sworn as a witness on the part of the government, and gave testimony in support of the charge and specifications preferred by him, but gave no testimony in regard to the other charges and specifications. The day after the appellant pleaded not guilty, he withdrew, by leave of the court, his plea of not guilty to the second charge and its specifications, and entered a plea of guilty thereto. Colonel Merritt continued to sit as a member of the court throughout the trial, and participated in rendering the final judgment. At the close of the evidence, the appellant submitted, in writing, a statement of his defence, which was read to the court. It contained no objection or reference to the participation of Colonel Merritt in the trial, as a member of the court, or to his having been so sworn and examined as a witness on behalf of the government. The court found the appellant guilty of all the charges and specifications, and sentenced him to be dismissed from the service. The proceedings, findings, and sentence of the court were approved by the President of the United States, who ordered that the sentence should take effect on the 28th of April, 1877. On the 27th of June, 1877, the - ˙᠁te not being in ˙es-

sion, the president appointed Henry J. Goldman to be a second lieutenant in the 5th regiment of cavalry, and, on the 15th of October, 1877, he nominated Goldman to the senate for appointment as second lieutenant in said regiment in place of the appellant, dismissed, to date from June 15th, 1877. The senate advised and consented to the appointment of Goldman, and he was accordingly commissioned and still holds the office of such second lieutenant.

*Mr. James Coleman* for the appellant.—I. Courts-martial are courts of limited and special jurisdiction, and it is essential to their validity that it should be affirmatively shown that they acted upon a case *clearly* within their jurisdiction. and that their proceedings were strictly regular. No presumption can be indulged in favor of the validity of the judgment of such a court, and its judgment is everywhere treated *as a nullity*, unless the record affirmatively shows both jurisdiction and regularity of proceeding. 3 Greenl. Ev., sec. 470 ; *Duffield* v. *Smith and others*, 3 Serg. & Rawle, 589 ; *Brooks* v. *Adams*, 11 Pick. 440 ; *Mills* v. *Martin*, 19 Johns. 7 ; *Jones* v. *Crawford*, 1 Johns. Case, p. 20, and cases cited ; *Opinion of Attorney-General Rush*, Opins. vol. 1, p. 177 ; *Sheldon* v. *Sill*, 8 How. 441 ; *State* v. *Gachenheimer*, 30 Ind. 63 ; *Ohio, &c., R. R. Co.* v. *Shultz*, 31 Ind. 150 ; *State* v. *Ely*, 43 Ala. 568. Courts-martial, and every other statutory court, or courts of limited and special jurisdiction, must observe all the principles of the common law, except in so far as special statutes have imposed a different rule for such courts. 3 Greenleaf on Evidence, 469 ; Adye on Courts-martial, 45 ; Benet on Courts-martial, 244 ; De Hart's Military Law, 322 ; *Mustratt's Case*, 2 Mac Arthur, 158 ; Simmons on Courts-martial, 485 ; Harwood on Naval Courts-martial, 21. Interested parties cannot join in deciding suits. *The Queen* v. *Justice of Hertfordshire*, 6 A. & E. 753 ; Broom's Legal Maxims, 119 ; *Stockwell* v. *Township of White Lake*, 22 Mich. 341 ; *Sigourney* v. *Sibley*, 21 Pick. 101 ; *Cottle App't*, 5 Pick. 483 ; *Coffin* v. *Cottle*, 9 Pick. 287 ; Hickman on Naval Courts-martial, 246–248. II. Consent will not confer jurisdiction. *Mordecai* v. *Lindsay*, 19 How. 199 ; *Montgomery*

v. *Anderson*, 21 How. 386 ; *Walker* v. *Kynett*, 32 Iowa, 524 ; *Rice* v. *State*, 3 Banks (Kansas), 141 ; *Lindsay* v. *McClelland*, 1 Bibb, 262 ; *Bent's Ex'r* v. *Graves*, 3 McCord, 280 ; *Foley* v. *People*, Breese, 57 ; *Falkenburgh* v. *Cramer*, Coxe, 31 ; *Parker* v. *Munday*, Coxe, 70 ; *Ballance* v. *Forsyth*, 21 How. 389 ; *Jackson* v. *Ashton*, 8 Pet. 148 ; *Kansas City, &c., R. R. Co.* v. *Nelson*, 62 Mo. 585 ; *State* v. *Judge, &c.*, 21 La. Ann. 258. III. Notwithstanding the accused confessed his guilt, he is not estopped from now controverting the jurisdiction of the court before which he was tried. *Duffield* v. *Smith*, 3 Serg. and Rawle, 589.

*Mr. Attorney-General* for the United States.

Mr. Justice Blatchford delivered the opinion of the court.

He recited the facts in the language used above, and then said :

So far as regards the time after June 15th, 1877, the fact that Goldman was appointed by the president, by and with the advice and consent of the senate, a second lieutenant in the 5th cavalry, in the place of the appellant, from June 15th 1877, and was commissioned as such, and accepted and held the appointment, is a bar to the suit of the appellant. It was held by this court, in *Blake* v. *United States*, 103 U. S. 227, that the president has the power to supersede or remove an officer of the army by the appointment of another in his place, by and with the advice and consent of the senate, and that such power was not withdrawn by the provision of § 5 of the act of July 13th, 1866, c. 176, 14 Stat. 92, now embodied in § 1229 of the Revised Statutes, that "no officer in the military or naval service shall, in time of peace, be dismissed from service, except upon and in pursuance of the sentence of a court-martial to that effect, or in commutation thereof." It was held that this provision did not restrict the power of the president, by and with the advice and consent of the senate, to displace officers of the army or navy, by the appointment of others in their places.

In regard to the rest of the time covered by the suit, it be-

comes necessary to decide the question raised as to the validity of the sentence of the court-martial. It is contended for the appellant that the court-martial had no jurisdiction to try him; that the fact that he made no objection to any member of the court was not a consent upon his part which conferred jurisdiction on the court-martial; and that the fact that Colonel Merritt was prosecutor, witness and judge rendered the proceedings of the court-martial void. The position is taken that, although there is no statute or regulation which forbids what was done in this case, the sentence of a court-martial in which one of the judges is prosecutor and witness is absolutely void, and that neither what the appellant said nor what he omitted to say, at the time, can cure the defect in the organization of the court.

That the court-martial, as a general court-martial, had cognizance of the charges made, and had jurisdiction of the person of the appellant, is not disputed. This being so, whatever irregularities or errors are alleged to have occurred in the proceedings, the sentence of dismissal must be held valid when it is questioned in this collateral way. *Thompson* v. *Tolmie*, 2 Peters, 157; *Voorhees* v. *Bank of United States*, 10 id. 449; *Cornett* v. *Williams*, 20 Wallace, 226, 249. This doctrine has been applied by this court to the judgment and sentence of a naval general court-martial, which was sought to be reviewed on a writ of *habeas corpus*. *Ex parte Reed*, 100 U. S. 13.

Where there is no law authorizing the court-martial, or where the statutory conditions as to the constitution or jurisdiction of the court are not observed, there is no tribunal authorized by law to render the judgment. Of that character are the authorities cited and relied on by the appellant; but they do not apply to the present case.

Under the foregoing views, we express no opinion as to the propriety of the proceedings of the court-martial in the respects in which they are assailed.

*The judgment of the court of claims is affirmed.*

Mr. Justice Field did not sit in this case or take part in its decision.