## UNITED STATES *v.* FLETCHER

## FLETCHER *v.* UNITED STATES.

### APPEALS FROM THE COURT OF CLAIMS.

Nos. 918, 919. Submitted December 12, 1892. — Decided March 6, 1893.

The proceedings, findings and sentence of a military court-martial being transmitted to the Secretary of War, that officer wrote upon the record the following order, dating it from the "War Department," and signing it with his name as "Secretary of War:" "In conformity with the 65th of the Rules and Articles of War, the proceedings of the general court-martial in the foregoing case have been forwarded to the Secretary of War for the action of the President. The proceedings, findings and sentence are approved, and the sentence will be duly executed." *Held*, that this was a sufficient authentication of the judgment of the President and that there was no ground for treating the order as null and void for want of the requisite approval.

When a court-martial has jurisdiction, errors in its exercise cannot be reviewed in an action against the United States by the officer court-martialed to recover salary.

*Runkle v. United States*, 122 U. S. 543, questioned upon the ground that the report of that case shows that the circumstances were so exceptional as to render it hardly a safe precedent in any other.

THE claimant filed an amended petition in the Court of Claims, December 16, 1890, as a substitute for his original petition filed December 11, 1889, seeking to recover from the United States a certain amount of money as arrears of pay alleged to be due him as captain on the retired list of the army, to which the government filed a general traverse December 22, 1890. Thereupon due proceedings were had, and the court, on June 8, 1891, found, in substance, the following facts:

Bird L. Fletcher, the claimant, was, on December 27, 1859, enlisted as a private in the general mounted service of the United States Army. After successive promotions, by which he became corporal and second lieutenant, he was brevetted first lieutenant on May 10, 1863, for gallant and meritorious service in the cavalry action at Franklin, Tennessee. He was made first lieutenant on October 12, 1864, in which rank he served until August 25, 1867, when he was promoted captain. On June 19, 1868, he was placed on the retired list of the army, by order of General Grant, upon the finding of a board of examination that he was incapacitated for active service, and that his incapacity was the result of sickness and exposure incident to the service. The order retiring him directed that his name be placed upon the list of retired officers of the class provided for by the act of Congress of August 3, 1861, in which the disability results from long and faithful service, or from some injury incident thereto.

A court-martial was held in Philadelphia, Pennsylvania, July 10, 1872, before which Fletcher was brought for trial upon a charge of conduct unbecoming an officer and a gentleman, and upon this charge, which was supported by the averments of six specifications, he was tried. He was not represented by counsel on the trial, but conducted his case in person, and to the charge and all the specifications pleaded not guilty.

The specifications related to the incurring and non-payment of certain indebtedness, and Fletcher was found guilty of all of them, some parts of the first, second and fifth excepted, and guilty of the charge, and sentenced to be dismissed the service.

The proceedings, findings and sentence of the court-martial were transmitted to the Secretary of War, who wrote upon the record the following order :

"WAR DEPARTMENT, *July 24th*, 1872.

"In conformity with the 65th of the Rules and Articles of War, the proceedings of the general court-martial in the foregoing case have been forwarded to the Secretary of War for the action of the President.

"The proceedings, findings and sentence are approved, and the sentence will be duly executed. · WM. W. BELKNAP,

"*Secretary of War.*"

From the date of this order, July 24, 1872, Fletcher received no pay as an officer of the army.

He did not dispute at the War Department the validity of the dismissal, in pursuance of the sentence of the court-martial, for the period of nearly sixteen years, but did promptly petition Congress for redress, and urge his restoration to the retired list; and he made application for pay to the accounting officers of the Treasury after March 1, 1888. His complaint stated that March 27, 1888, he addressed a petition to the President of the United States, and this resulted in a report of the judge advocate-general to the Secretary of War, April 17, 1888, that, in accordance with *Runkle* v. *United States*, 122 U. S. 543, there was no evidence that the proceedings in Fletcher's case had been laid before, or approved by, the President, and that the case was still subject to the President's action. The Secretary of War then transmitted the report and the original record to the President, stating that the proceedings of the court-martial awaited his action, as it appeared from the facts in the report that Fletcher was still undoubtedly an officer of the army, and recommending that the sentence be approved. On July 5, 1888, the President made an order approving the proceedings, findings and sentence of the court-martial.

In his amended petition in the Court of Claims, the claimant alleged that the proceedings, findings and sentence of the

court-martial, and the orders approving the same, were void, for the reason that the charge and specifications upon which he was tried and sentenced stated no offence within any of the articles of war, and because the order of the Secretary of War in 1872 was not the act of the President.

The Court of Claims held that the said charge and specifications stated an offence within the articles of war, but that the sentence of the court-martial did not take effect until acted upon by the President on July 5, 1888. The court therefore allowed the claimant all pay claimed by him, except such as was barred by the statute of limitations, up to the date of the last order approving the sentence of the court-martial, and gave judgment for the claimant for $9654. 26 Ct. Cl. 541.

From this judgment both parties appealed.

*Mr. Solicitor General* and *Mr. Assistant Attorney General Parker* for the United States.

*Mr. George A. King* for Fletcher.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the Court.

The claimant's suit was for arrears of pay claimed to be due him as a retired officer of the army of the United States, accruing from December 1, 1883, to November 30, 1890, at the rate of two thousand one hundred dollars per annum, and amounting to the sum of fourteen thousand seven hundred dollars. This claim was met by a finding and sentence of a court-martial, held on the 10th of July, 1872, in the city of Philadelphia, whereby Fletcher was found guilty of "conduct unbecoming an officer and a gentleman," and sentenced to be dismissed the service.

By Article 65 of the act of April 10, 1802, 2 Stat. 359, 367, c. 20, establishing rules and regulations for the government of the armies of the United States, it was provided that "no sentence of a court-martial shall be carried into execution until after the whole proceedings shall have been laid before

the officer ordering the same, or the officer commanding the troops for the 'time being; neither shall any sentence of a general court-martial, in time of peace, extending to the loss of life, or the dismission of a commissioned officer, or which shall, either in time of peace or war, respect a general officer, be carried into execution until after the whole proceedings shall have been transmitted to the Secretary of War, to be laid before the President of the United States for his confirmation or disapproval, and orders, in the case." And Article 83 read thus: "Any commissioned officer convicted before a general court-martial of conduct unbecoming an officer and a gentleman, shall be dismissed the service."

These articles, and the provisions of the act of May 29, 1830, 4 Stat. 417, c. 179, amending the 65th Article, were carried forward into Articles 72 and 106 of section 1342 of the Revised Statutes.

Upon the record of the proceedings, findings and sentence of the court-martial which tried Captain Fletcher, the Secretary of War endorsed that: "In conformity with the 65th of the Rules and Articles of War, the proceedings of the general court-martial in the foregoing case have been forwarded to the Secretary of War for the action of the President. The proceedings, findings and sentence are approved, and the sentence will be duly executed."

Was this order void on the ground that it does not appear that the President personally approved the proceedings and directed the execution of the sentence?

By the first section of the act of August 7, 1789, 1 Stat. 49, establishing an Executive Department to be denominated the Department of War, now in substance section 216 of the Revised Statutes, the Secretary of War is to perform and execute such duties as shall be enjoined on, or entrusted to him by the President, relative to the land or naval forces or to such other matters respecting military or naval affairs as the President shall assign to the department, and to conduct the business of the department in such manner as the President shall from time to time order or instruct. And we have held that while the action required of the President in respect

of the proceedings and sentences of courts-martial is judicial, yet that such action need not be evidenced under his own hand.

Under Article 65, the proceedings of this court-martial were not forwarded to the Secretary of War for individual action by him, but to enable him to lay them before the President, so that the latter might take action as prescribed. There is nothing to indicate that the Secretary of War assumed to confirm or disapprove, or issue orders in the case, and as his endorsement showed that he was proceeding under that article, and that he had received the record for the purpose of being acted on by the President, the approval and the direction for the execution of the sentence were manifestly the acts of the President. The presumption is that the Secretary and the President performed the duties devolved upon them respectively, and it would be unreasonable to construe the Secretary's endorsement as meaning that he had received the proceedings for the action of the President in conformity with Article 65, and had approved them himself and ordered execution of the sentence in contravention of the article.

As we said in *United States* v. *Page*, 137 U. S. 673, 678, 680: " Undoubtedly the action required of the President under this article is judicial action. He decides personally, and the judgment is his own personal judgment, and not an official act, presumptively his. But that judgment need not be attested by his sign manual in order to be effectual." There the endorsement read that the proceedings had been forwarded to the Secretary of War, and by him submitted to the President; and we inquired: " By what process of reasoning can the conclusion be justified that, although these proceedings were laid before the President for his confirmation or disapproval, yet the findings and sentence were approved by some one else, who had no authority to act in the premises ? " While in the case in hand it is not said that the proceedings were submitted to the President, it is stated that they had been forwarded to the Secretary of War for the action of the President, and as that is followed by an approval and the direction of the execution of the sentence, which approval and sentence could only ema-

nate from the President, the conclusion follows that the action taken was the action of the President.

. The views of the Judge Advocate General, and the action of the Secretary in 1888 upon a reference of the subject in answer to the petition of Captain Fletcher, presented to the President, March 27 of that year, were induced by the case of *Runkle* v. *United States*, 122 U. S. 543, and the present decision of the Court of Claims was based upon it. Reference to the report of that case shows that the circumstances were so exceptional as to render it hardly a safe precedent in any other.

It appeared therein that the proceedings, findings and sentence of the court-martial were transmitted to the Secretary of War, who, on January 16, 1873, wrote upon the record an order approving the proceedings, with certain exceptions, and the findings and sentence, together with the further statement that in view of the unanimous recommendation by the members of the court that the accused should receive executive clemency, and other facts, the President was pleased to remit all of the sentence except so much as directed cashiering; and that, thereupon, the Secretary issued a general order announcing the sentence, as thus modified. It further appeared that thereafter, and on the same day, Major Runkle presented to President Grant a petition insisting that the proceedings had not been approved by him as required by law; that the conviction was unjust; that the record was insufficient to warrant the issuing of the order, and asking its revocation and annulment; whereupon, in pursuance of the petition, the record of the official action theretofore had was, by direction of the President, referred to the Judge Advocate General for review and report; that this report was subsequently made, and with the petition was found by President Hayes awaiting further and final action thereon, and being taken up by him as unfinished business, the conviction and sentence were disapproved, and the order of January 16, 1873, revoked.

This court was of opinion that the order was capable of division into two separate parts, one relating to the approval of the proceedings and sentence, and the other to the execu-

·tive clemency which was invoked and exercised, and that under the circumstances, which are recapitulated, it could not be said that it positively and distinctly appeared that the proceedings had ever, in fact, been approved or confirmed by the President as required by the articles of war.

The facts that there was no reference to Article 65 in the Secretary's endorsement; that the objection that President Grant had not personally examined and approved of the proceedings, was taken and urged upon President Grant himself immediately upon the promulgation of the sentence; and that he entertained the objection, thereby recognizing the contention, seemed to make it a matter of argument whether he had personally acted in the premises.

If it had been affirmatively stated that the proceedings were submitted, perhaps the action of President Grant in the matter of the application might have been ascribed to some other ground than doubt as to his examination of the proceedings; but as the record stood, this court apparently thought that the presumptions conflicted, and, therefore, felt constrained to the conclusion announced.

· We regard the certificate of the Secretary in this case, in 1872, as a sufficient authentication of the judgment of the President, and perceive no ground upon which the order of that date can be treated as null and void for want of the required approval.

It is insisted, however, on behalf of the claimant that the court-martial had no jurisdiction to try and convict Captain Fletcher, because the charge and specifications stated no offence whatever " within any Rules and Articles of War, or known to the military law and custom of the United States." We do not feel called upon to set forth the specifications on which the court-martial acted. They related to the incurring by the accused of certain indebtedness and the non-payment thereof, and while it is argued that the non-payment of debts does not justify conviction of conduct unbecoming an officer and a gentleman, we think that the specifications went farther than that, and contained the element that the circumstances under which the debts were contracted and not

paid were such as to render the claimant amenable to the charge. The evidence is not before us in any form, nor are there findings of fact in respect to the conduct and behavior forming the subject of inquiry. The specifications were not objected to for insufficiency, and cannot properly be held to be, on their face, incapable of sustaining the charge. As the court-martial had jurisdiction, errors in its exercise, if any, cannot be reviewed in this proceeding. *Dynes* v. *Hoover*, 20 How. 65 ; *Keyes* v. *United States*, 109 U. S. 336; *Smith* v. *Whitney*, 116 U. S. 167.

*The judgment is reversed, and the cause remanded, with a direction to dismiss the petition.*