Davis, J.}
delivered the opinion of the court:
While absent upon the Asiatic station, serving as a master in the Navy, plaintiff was nominated, confirmed, and commissioned as a lieutenant in the Navy. The nomination and confirmation were made “ subject to the required examination before being commissioned.” The commission, therefore, was not issued, but was retained by the Secretary of the ,Navy, and has never been delivered. In 1886 the plaintiff was duly examined, and reported qualified to perform the duties of the grade “to which he is to be promoted,” and the board recommended him for promotion. The President did not approve this finding, but suspended final action until an opportunity should have been afforded plaintiff to further establish his fitness for promotion; to that end the President ordered him to duty at sea for such a period as the Secretary of the Navy might deem proper, his conduct’ on such service to be reported for the President’s information.
This order- was' obeyed and in due course plaintiff was again examined, when the board found that he had not the moral qualifications for promotion. This finding the President *266 approved, and directed that plaintiff be discharged from the naval service with one year’s pay (act August 5,1882). It is now contended for plaintiff in substance that this action by the President was illegal; that his commission had been signed; his nomination and confirmation were subject to one condition, namely, “ examination before being commissioned,” and this condition had been fulfilled; therefore the President was without discretion in the matter.
The contention is founded primarily upon section 1496, Revised Statutes, which provides that certain naval officers shall be promoted until their mental, moral, and professional fitness to perform, all their duties at sea shall have been “ established to the satisfaction of a board of examining officers, to be appointed by the President.” As plaintiff’s qualifications were favorably reported by the board, it is urged that every condition precedent to his promotion had been fulfilled, and the President had no further power. The substantial point presented is, whether the action of the first board was conclusive upon the President, and section 1502 decides this adversely to plaintiff when it provides that—
“1502. Any matter on the files and records of the Navy Department touching each case, which may in the opinion of the board be necessary to assist them in making up their judgment, shall, together with the whole record and findings, be presented to the President for his approval or disapdroval of the finding.”
The President’s approval or disapproval of the findings is, then, distinctly required, and it is contemplated that he shall examine the whole records and. findings.' Having the duty imposed upon him to approve or disapprove, the President had the power to suspend action or to seek further information; these are necessary incidents of the executive reviewing power. (Swaim v. The U. S., ante.)
Section 1496 appears to contemplate only the action of a board, but that section must be read with the others relating to the same subject-matter; one of these is 1502, which demands that, to become operative, the board’s decision shall be acted upon by the President.
The case of Marbury v. Madison (1 Cranch, 137) does not apply to the cause at bar, for there merely a ministerial act remained to be performed, whereas here the statute positively *267 prohibited the issue of a commission until a condition precedent had been performed, a condition which was not performed.
Whether the President under the circumstances had the power to sign a commission, we do not decide; at the most the President could not do more than the nomination, confirmation, and statute allowed. The plaintiff was nomina ted subj eet to a condition, he was confirmed subject to a condition; the statute says he shall not be promoted unless a condition has been fulfilled. The President was without power to invest this plaintiff with the higher office until the board had made its findings and these findings had been approved.
The condition antecedent to promotion was placed upon the appointing power as well as upon the plaintiff, and as it had not been fulfilled, the plaintiff could not be promoted. Under these circumstances- the doctrine stated in the case of Le Baron (19 How., 73) does not apply. While a commission was, in fact, signed (and not delivered) the Executive was without power to promote plaintiff at the date of its signature, and, if issued, it could not be held to take effect until after the action prescribed by sections 1496 and 1502 should have been taken in a manner favorable to plaintiff. After such action, then, under section 1562, so far as pay is concerned, the promotion would relate back to the date when “he would have been entitled to it had he been examined and found qualified at the time so required by law or regulation.”
Further power is given to the President to pursue the course taken herein by the Act of August 5, 1882 (Supp. Rev. Stat., vol. 1, p. 377), which provides—
“That whenever, on an inquiry had pursuant to law concerning the fitness of an officer of the Navy for promotion, it shall appear that such officer is unfit to perform at sea the duties of the place to which it is proposed to promote him, by reason of drunkenness, or from any cause arising from his own misconduct, and having been informed of and heard upon the charges against him, he shall not be placed on the retired list of the Navy, and if the finding of the board be approved by the President, he shall be discharged with not more than one year’s pay.”
It is suggested that there is force in the fact that plaintiff was borne on the NavyBegister as a lieutenant; any argument based upon this fact is negatived by the further fact that he was always thereon marked as “ subject to examination.” *268 Nor does this ease fall within the principle of the Blake Case (103 U. S. R., 227) or Hekey Case (109 U. S. R., 336); while it is true that Arms was upon the same day and under the same condition nominated and confirmed and a commission was signed purporting to promote him, yice Jouett, it is also true that the President was without power to promote plaintiff in October, 1885.
Petition dismissed.