Peelle, J.,
dissents:
I dissent from the conclusion of the majority of the court, though I heartily concur in all that is said in the opinion concerning the sacredness of the rights of seamen and of their exemption from illegal or irresponsible courts-martial, but I do not believe that the failure to furnish the claimant with a copy of the charges on which he was tried is jurisdictional. He went to trial without objection, and by doing so waived his right to such copy. (Lisle v. State, 6 Mo., 426; Smith v. State, 8 Ohio, 294; State v. Johnson, Walk. (Miss.), 392; Loper v. State, 3 How. (Miss.), 429.)
In the case of Dynes v. Hoover (20 How., 65, 82), the court, in speaking about the law for convening and directing the proceedings of courts-martial, say: “When we speak of proceedings in a cause, or for the organization of the court and for trials, we do not mean mere irregularity in practice on the trial, or any mistake in rulings in respect to evidence or law, *326 but of a disregard of the essentials required by the statute under which the court has been convened to try and to punish an offender for an imputed violation of law.”
Again, in the case of Ex parte Reed (100 U. S. R., 13), where the court had jurisdiction of the subject-matter and the person of the defendant, the court said: “Having had such jurisdiction, its proceedings can not be collaterally impeached for any more error or irregularity, if there were such, committed within the sphere of its authority. Its judgments, when approved as required, rest on the same basis and are surrounded by the same considerations which give conclusivenoss to the judgments of other legal tribunals, including as well the lowest as the highest under like circumstances. The exercise of discretion within authorized limits can not be assigned for error and made the subject of review by an appellate court.” See also In re McVey (23 Fed. Rep., 878); Dynes v. Hoover (supra).
Nor has any court the right to interfere with courts-martial in the performance of their duty. (Wales v. Whitney, 114 U. S. R., 564, 570.) In that same case it was said: “ The civil courts can relieve a person from imprisonment under order of such court only by writ of hcibeas corpus, and then only when it is made apparent that it proceeds without jurisdiction. ” See also Keys v. The United States (109 U. S. R., 336).
If, therefore, the court had jurisdiction of the subject-matter and of the person of the defendant, and complied with the rules prescribed by law for the exercise of its functions, its judgments can not be reviewed by this court.
The Congress is authorized by Article I, section 8,.of the Constitution “ to make rules for the government and regulation of the land and naval forces;” and by the fifth amendment to the Constitution it is provided that “No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land and naval forces, or in the militia, when in actual service or in time of war or public danger.” * * *
By virtue of those provisions the Congress have authorized courts-martial for the purpose of administering justice through military channels, and when the. defendant enlisted *327 in tbe Navy he not only thereby surrendered his right to be tried by the civil courts, but subjected himself to the .jurisdiction of courts-martial.
The record of the proceedings of the court-martial is not made part of the petition, and under the rule that where a pleading is ambiguous or susceptible of different interpretations that construction shall be adopted which is most unfavorable to the party pleading.
There is no averment that the court was illegally convened or any facts disclosed which would warrant such a conclusion, or that the court had not jurisdiction of the subject-matter. There is no averment that the charges against the accused were not in writing properly set forth in the court’s proceedings. On the contrary, the log book of the vessel shows that the judge-advocate read to the accused the specifications as stated in the court’s opinion (ante, p. —). It appears from the aver-ments that the claimant was arrested for “refusing to do duty,” while it is averred that he was tried for “refusing to obey the lawful order of his superior officer,” but the charges are the same in substance, only being stated in different language. The accused could not have been guilty of “refusing to do duty” except in disobedience of his superior officer, who had the right to command him, and hence no question of jurisdiction can be assigned for mere matter of form.
In the opinion of the majority of the court it is said:- ‘ ‘ Other important questions were presented to the court by the counsel for the claimant on the argument, but the decision is confined to the question of jurisdiction above considered.” That is to say, the question of jurisdiction arising from the failure to furnish the accused with a copy of the charges and specifications against him as provided by article 43, Revised Statutes, section 1624.
That article provides in substance that such copy shall be furnished the accused at the time of his arrest; and the logic of the court’s opinion is that if not so furnished the court is without jurisdiction of the person of the accused, although he went to trial without objection.
That same article (43, supra), however, also provides that the accused may be tried on a charge other than the one on which he was arrested if it “shall appear to the court that intelli *328 gence of such other charge had not reached the officer ordering the court when the accused was put under arrest, or that some witness material to the support of such charge was at that time absent and can be produced at the trial, in which case reasonable time shall be given to the accused to make his defense against such new charge,” thus showing that the only purpose of the statute was to give the accused reasonable time within which to prepare his defense; and such reasonable time is a question within the discretion of the court, and can not be made jurisdictional.
The averments in the petition are somewhat confusing, but from the opinion of the majority of the court the question of jurisdiction arises under article 43 (supra;) for failure to furnish the accused with a copy of the charges against him at the time of his arrest, and upon that theory I have considered the case and reached the conclusion that the demurrer should be sustained and the petition dismissed.