Benedict, J.
These are four applications by three citizens or subjects — whichever term may be appropriate — of Germany and one, that of Grieff, by a citizen or subject of Austria, to become citizens of the United States.
As a state of war still exists between this country and Germany and Austria, the applicants are alien enemies under the law, and not entitled to become citizens except by the special action of the president. The statute applicable to the situation is subdivision 11 of section 4 of the act of June 29, 1906, as said section is amended by the act of May 9, 1918. This subdivision, so far as material, reads as follows: “ No alien who is a native, citizen, subject, or denizen of any country, state or sovereignty with which the United States is at war shall be admitted to become a citizen of the United States unless he made his dec *651 laration of intention not less than two nor more than seven years prior to the existence of the state of war, or was at the time entitled to become a citizen of the' United States, without making a declaration of intention, or unless his petition for naturalization shall then be pending and is other-wise entitled to admission, notwithstanding he shall be an alien enemy at the time and in the manner prescribed by the laws passed upon that subject: * * * Provided * * * That the President of the United States may, in his discretion, upon investigation and report by the Department of Justice fully establishing the loyalty of any alien enemy not included in the foregoing exemption, except such alien enemy from the classification of alien enemy, and thereupon he shall have the privilege of applying for naturalization; * *
In attempted compliance with this provision, the applicants present practically identical certificates,, one of which, taken as a sample, reads as follows:
“ Department of Justice,
“ Washington, D. C.
“ 189796-1373 JH/LMR
“ Naturalization Service November 11, 1919.
“ Received Naturalization Service
“ Nov 20 1919 Received
“ Chief Examiner Nov 17 1919
“ New York, N. Y. Chief Examiner
“ Department of Labor. New York, N. Y. .
Department of Labor
“ The Honorable,
“ The Secretary of Labor.

“Attention, Commissioner of Naturalization.

‘ 1 Sir.— This Department having made investigation and report as to the loyalty of the alien enemy; below named, the Attorney General hereby certifies that the said alien enemy, who has made application *652 to the President to he excepted: from the classification of alien enemy under the provisions of subdivision eleven of the Act of Congress approved May 9, 1918, is loyal to the United States:
Name Address Court
Louis Schuster, 547 Grand Street, Brooklyn Supreme
Brooklyn, N. T. Court
“ By virtue of an executive order by the President, dated the 26th day of November, 1918, excepting certain persons from the classification of alien enemy, the above-named person is excepted from the classification of alien enemy solely for the purpose of enabling him to apply according to law for final papers of naturalization.
‘ ‘ Respectfully,
" Nov. 12, ’19 For the Attorney General,
Bureau of John T. Creighton,
Naturalization. Special Assistant to the

Attorney General

“ Encl.
I think it is requisite under the statutory provision quoted that the president shall personally determine in each case whether the alien enemy shall be excepted from that classification. The language used imports that the department of justice shall make an investigation and report to the president, and that the president shall thereupon determine whether the facts reported establish the loyalty of the alien enemy, and then exercise his discretion as to whether he shall be excepted from the classification of alien enemy. Not only does the statute itself seem to contemplate personal action by the president upon the report of the department of justice, but the power is clearly of a judicial character, the execution of which cannot be delegated.
*653 There is a distinction in this respect between executive and judicial acts. The former may be done by the president through the heads of the executive departments,' and an act of that nature done by the head of a department is presumed to have been done by authority of the president, but the president cannot delegate judicial acts, such as, for example, the approval of the judgment of a court-martial. Runkle v. United States, 122 U. S. 543, 557. This case just cited has met with some criticism, and while the doctrine with respect to judicial acts seems to be recognized, later cases hold that the action of the president may be made known through the head of the appropriate executive department, and that it is sufficient if it appears that the matter was submitted to the president. United States v. Fletcher, 148 U. S. 84, 88 et seq.; United States v. Page, 137 id. 673, 678 et seq.; Perovich v. Perry, 167 Fed. Repr. 789. In United States v. Page, supra, it was said: ‘ But that judgment [judgment of approval or disapproval of the findings of a court-martial] need not be attested by his sign manual in order to be effectual.”
In the present cases it appears, from the form of the certificates, that the cases of these applicants have never been brought to the personal attention of the president, and never acted upon by him, but that he has attempted by a general executive order, dated November 26, 1918, to delegate to the department of justice the function of passing upon the question of the loyalty of alien enemies who may desire to be naturalized, and of exercising the discretion with which the act in question invests him. This, I hold, he could not do under the act, and it may be noted in passing that there is nothing to show that these cases had the personal attention even of the attorney-general.
Furthermore, the statute does not authorize an alien *654 enemy to apply for naturalization until he has been excepted by the president from the classification of alien enemy; for, after giving the president authority to make the exception, the statute proceeds, “ and thereupon he [the alien enemy] shall have the privilege of applying for naturalization.” In the present cases the petitions were filed in this court before the department of justice, purporting to act under authority of the president, granted the certificates of exception.
I am, therefore, constrained to deny the several applications, but such denial is without prejudice to new applications upon proof of compliance with the requirements noted.
Ordered accordingly.