Emery Michael **BOKOROS**, Petitioner,

v.

Joseph O. **KEARNEY**, Warden, Federal Correctional Institution, Texarkana, Texas, and Herbert Brownell, Attorney General of the United States, Respondents.

Civ. A. No. 2079.

United States District Court
E. D. Texas, Tyler Division.
July 23, 1956.

William S. Reeves, Tyler, Tex., for petitioner.

William M. Steger, U. S. Atty., Harlon E. Martin, Asst. U. S. Atty., Tyler, Tex., Col. James W. Booth, Judge Advocate General's Corps, U. S. Army, Washington, D. C., for respondents.

SHEEHY, Chief Judge.

Petitioner, who is presently confined in the Federal Correctional Institution at Texarkana, Texas, is seeking release from said institution through his petition for writ of habeas corpus filed herein. Petitioner's detention by Respondent Kearney, Warden of the Federal Correctional Institution at Texarkana, Texas, is by virtue of and pursuant to a sentence imposed by an Army general court-martial upon a conviction of Petitioner of certain violations of certain provisions of the Uniform Code of Military Justice, 50 U.S.C.A. § 551 et seq.

A hearing on Petitioner's petition was had before this Court on July 17, 1956. Petitioner was present and testified fully at said hearing and was represented at said hearing by counsel appointed by the Court upon the request of Petitioner. In view of the nature of the contentions made by Petitioner in his petition and the contentions made by the Respondent Kearney, a serious question was presented as to the extent of the authority of this Court to review the court-martial proceedings in question. In view of that question and the possible necessity of obtaining the testimony of witnesses, who are presently located at places far distant from the place of hearing, by both Petitioner and Respondents a conference was had between counsel for the respective parties hereto and the Court prior to the hearing. At this confer-

ence it was agreed by counsel for the respective parties, with the approval of the Court, that the Court would proceed to hear the testimony of Petitioner and such documentary evidence as the parties desired to offer; that the Court would then determine whether, in light of the documentary evidence offered and the testimony of Petitioner, there was presented any determinative issue of fact falling within the authorized scope of review of the court-martial proceedings in question by this Court; and that if it were determined that such a determinative issue of fact were presented, the hearing or trial of this case would be reconvened and the respective parties would be given an opportunity to obtain, if possible, the testimony of witnesses by affidavits or otherwise that would bear on any such issue of fact. With this understanding this case proceeded to hearing and with the Petitioner testifying in person and such documentary evidence as each party tendered being received in evidence. The facts as found from the admissions of the parties contained in the pleadings, documentary evidence offered and the testimony of Petitioner are as hereinafter stated.

At all times pertinent hereto there was in effect Army Regulation No. 600–443 dated April 10, 1954. This regulation stated as its purpose the authority for procedures whereby homosexual personnel will be investigated and discharged from the Army and provided that the prompt separation of known homosexuals from the Army is mandatory. The regulation attempted to classify cases involving homosexual activities in three general classifications. Those cases falling within Class I were defined as those cases accompanied by assault or coercion, as characterized by any act in or to which the other person involved did not willingly cooperate or consent or where the consent was obtained through force, fraud or actual intimidation thereby constituting the invasion of the rights of another. The definition of Class I also made certain provisions with reference to homosexual acts with a child under the age of 16, but those such provisions are in nowise here pertinent. The cases falling within Class II are defined as those cases wherein true or confirmed homosexual personnel have engaged in one or more homosexual acts or where evidence supports proposal or attempt to perform an act of homosexuality and which does not fall within the category of Class I. Under the provisions of the regulation trial by general court-martial is mandatory in those cases falling within Class I. In the case of an enlisted man falling within Class II the regulation provides that charges and specifications for trial by general court-martial will be prepared and the accused will be confronted with them, and that the accused when confronted with such charges and specifications will be informed that he might submit a signed statement under the terms of which he agrees to accept an undesirable discharge for the good of the service and to escape trial by general court-martial. In the event the enlisted man signs such a statement, the regulation requires that the matter be submitted to the Army Personnel Board, and that the Army Personnel Board may direct one of several actions, including acceptance of the signed statement agreeing to accept an undesirable discharge or initiation of action, with a view to trial by a general court-martial.

On February 9, 1955, petitioner was tried in Berlin, Germany, before an Army general court-martial appointed and convened by the Commanding General of the Berlin Command on three charges and five specifications. The two specifications of Charge I charged two separate acts of sodomy with one Private First Class Charles A. Markland in violation of Article 125, Uniform Code of Military Justice, 50 U.S.C.A. § 719, with Specification 1 charging the act of sodomy as having been committed on December 26, 1952, and with Specification 2 charging the act of sodomy as having been committed on or about December 16, 1954. The second charge contained only one specification and charged Petitioner with wrongfully committing an

indecent, lewd and lascivious act with Private First Class Charles A. Markland on or about December 26, 1954, in violation of Article 134 of the Uniform Code of Military Justice, 50 U.S.C.A. § 728. The third charge contains two specifications and charges Petitioner with two separate acts of sodomy in violation of Article 125 of the Uniform Code of Military Justice, 50 U.S.C.A. § 719, with the first specification charging Petitioner with having committed sodomy with Private First Class George W. Darnell from on or about October 1, 1954, to October 31, 1954, and with the second specification charging Petitioner with having committed sodomy with Sgt. Robert L. Maynard from on or about May 1, 1954, to May 31, 1954. The court-martial convicted Petitioner on all charges and sentenced him to be dishonorably discharged from the service, to forfeit all pay and allowances and to be confined at hard labor for five years. The convening authority upon review of the court-martial proceedings reduced the period of confinement to two years and six months. Thereafter a full review of the court-martial proceedings was made by the Board of Review in the office of the Judge Advocate General of the Army. That Board of Review approved the sentence of the court-martial with the reduction of the period of confinement to two years and six months as made by the convening authority. Petitioner then filed a petition for grant of review by the United States Court of Military Appeals. The United States Court of Military Appeals, after considering Petitioner's petition for grant of review, denied said petition and thereafter the sentence as affirmed by the Board of Review in the office of the Judge Advocate General of the Army was ordered executed. Petitioner has not at any time applied for a new trial as authorized by Article 73 of the Uniform Code of Military Justice, 50 U.S.C.A. § 660.

Petitioner was represented by counsel at the court-martial trial and in all subsequent proceedings, including the presentation of his petition for review to the United States Court of Military Appeals.

Petitioner at no time was offered the opportunity to submit a signed statement, under the terms of which he would agree to accept an undesirable discharge for the good of the service and to escape trial by general court-martial for action by appropriate authority under the provisions of AR 600–443, above referred to, although Petitioner did request of his Commanding Officer when his Commanding Officer confronted him with the charges and specifications upon which he was to be tried before he was tried that he be given an opportunity to submit such a statement under the provisions of said regulation.

At the beginning of Petitioner's trial Petitioner through his counsel raised a question as to the right of the court-martial to try Petitioner on the ground that Petitioner, under the provisions of AR 600–443, had the right to submit a request for an undesirable discharge for the good of the service and that he could not be tried by the court-martial until appropriate higher authority had considered said request for a discharge and had, after considering such request, ordered Petitioner to stand trial by general court-martial. This matter was taken up by Petitioner's counsel by way of a motion requesting a continuance until such time as Petitioner could submit a request for a discharge and have same acted on by higher authority in accordance with AR 600–443. This motion was presented to and heard by the law officer of the court out of the presence of the members of the court and prior to the time any evidence was offered before the court. The law officer, after hearing the evidence, offered on said motion and the argument of counsel overruled the motion and ordered the Petitioner to trial. The question raised by Petitioner's counsel in that motion was considered upon review by the convening authority and was decided by that authority adversely to Petitioner. The question was likewise raised before and considered by the Board of Review in the office of the Judge

Advocate General of the Army and was by that board decided adversely to Petitioner. The question was likewise raised by Petitioner in his petition to the United States Court of Military Appeals for review and it will be assumed that the United States Court of Military Appeals, by its action in denying Petitioner's petition for grant of review, decided the question adversely to Petitioner.

At the trial before the court-martial Pfc. Charles A. Markland, Pfc. George W. Darnell and Sgt. Robert L. Maynard were called as witnesses by the prosecution. There is no necessity for detailing the testimony of these witnesses. It will suffice to say that the testimony of Darnell clearly established the unlawful act charged in the first specification of the third charge of the charges and specifications upon which Petitioner was tried and that the testimony of Maynard clearly established the unlawful act charged in the second specification of said charges and specifications. The testimony of Markland clearly established the unlawful act charged in the specification of the second charge and the unlawful act charged in the first specification of Charge 1. It is doubtful that the testimony of Markland, standing alone, was sufficient to prove the unlawful act charged in the second specification of Charge 1, but the statement or confession of Petitioner offered at the trial and the testimony of Markland, when considered together, are sufficient to support the finding of guilt made by the court-martial as to the offense charged in the second specification of Charge 1.

In the statement of Petitioner offered at the trial, Petitioner admitted each of the unlawful acts charged in the charges and specifications upon which he was tried and above referred to.

One Sgt. Frank, who made at least part of the investigation in connection with Petitioner's case, was called as a witness by the prosecution and testified as to the taking of the statement or confession from Petitioner and the manner in which said statement was taken. The testimony of Frank clearly shows that prior to Petitioner making said statement Petitioner was informed of the nature of the accusations being made against him and was advised by Frank that he did not have to make any statement regarding the offenses of which he was accused or suspected and that any statement made by him might be used as evidence against him in a trial by court-martial. The testimony of Frank further shows that he made no promises of any nature to Petitioner to induce Petitioner to make said statement voluntarily. After the testimony of Frank was given with reference to said statement and the circumstances under which same was made by Petitioner, the statement was offered in evidence by the prosecution. At the time of the offer and before the statement was received in evidence the law officer of the court advised Petitioner: that he, Petitioner, had the right at that time to introduce in evidence any testimony that he might desire relative to the circumstances under which the statement was obtained; that he, Petitioner, had the right to take the witness stand at that time for the limited purpose of showing the circumstances under which the statement was obtained; that if he took the stand and limited his testimony to the circumstances surrounding the taking of the statement, he could be cross examined with reference to his testimony under those circumstances but could not be cross examined on the question of guilt or innocence nor could he be cross examined as to the truth or falsity of the statement; that he need not take the witness stand as he had the right to remain silent and the fact that he did not take the witness stand could not be construed as an admission that his statement was voluntary; and that before answering or making his decision he should consult his counsel. Following these instructions by the law officer the Petitioner advised the Court, in effect, that he did not care to testify with reference to the circumstances under which the statement

was taken. When the statement was being read in evidence Petitioner's counsel objected to certain portions of the statement which concerned crimes or offenses not covered by the charges and specifications on which Petitioner was tried but in connection with said objection stated to the court that no objection was being made to the statement itself but to only those specific portions thereof concerning crimes or offenses for which Petitioner was not charged. This objection was overruled and the statement was received in evidence. Petitioner did not testify in his own behalf and offered no evidence in his own behalf. The court-martial found Petitioner guilty of each and every offense charged in the charges and specifications and sentenced him as above indicated.

Prior to the court-martial trial the Commanding General of the Berlin Command ordered an investigation of the charges or accusations being made against Petitioner as provided by Article 32, Uniform Code of Military Justice, 50 U.S.C.A. § 603, and appointed one Major Serafini as the investigating officer. Major Serafini conducted an investigation and in connection with said pre-trial investigation Major Serafini had Petitioner appear with his counsel before him on or about January 28, 1955. Present at this pre-trial investigation in addition to Major Serafini were the prosecuting officer, Petitioner, Petitioner's counsel and Pfc. Charles Aaron Markland.

At the hearing Markland was questioned concerning those offenses with which Petitioner was charged and with which Markland was allegedly connected. No other witness was questioned or present at that pre-trial investigation hearing which was the only pre-trial investigation hearing conducted with Petitioner being present. At that hearing Markland read aloud three statements he had purportedly previously made to certain investigators. Markland then admitted having made said statements and then and there signed and swore to same. Petitioner contends and so testified at the hearing in this Court that upon signing said statements Markland remarked, in effect: "I can't take the stand and swear to this. It's all like a dream."

Testifying at the hearing in the instant case with reference to the taking of his statement or confession by Sgt. Frank, Petitioner admitted that Sgt. Frank explained to him his rights in connection with the giving of such a statement before said statement was given and did not testify as to any acts or circumstances that would indicate or tend to indicate that Sgt. Frank made any representations to him that induced him to make the statement. On the contrary the testimony of Petitioner in this respect clearly reflects that Sgt. Frank made no representations with reference to any right Petitioner might have under AR 600–443 or any other representations that induced or might have induced Petitioner to make the statement. Petitioner testified, in effect that he gave and signed the statement because he was disgusted with the way the Army was operating, that he wanted to get out of active military service and that being familiar with the provisions of AR 600–443 he thought that by making such statement he would be allowed to request an undesirable discharge for the good of the service. Admitting that he had not moved for a new trial as authorized by the Uniform Code of Military Justice, 50 U.S.C.A. § 660, petitioner testified that the reason he had not filed such a motion was that from the time of his conviction up to the time he was transferred to the Federal Correctional Institution at Texarkana, Texas, on February 16, 1956, he had been in the custody of the military authorities and that while in the custody of the military authorities he was afraid to file such a motion because he thought that the military authorities might take action against him if he filed such a motion and set up the matters he has set up in his petition herein. However, Petitioner did admit that while he was confined in the Army Disciplinary Barracks at Leavenworth he discussed with the legal officer there

the filing of a motion for new trial and his grounds therefor and that the legal officer told him he would file such a motion for him but that he did not think it would do any good, and that upon being so advised by the legal officer Petitioner told the legal officer "to forget it."

After a careful study of Petitioner's lengthy petition herein it would appear that as basis for the relief herein sought Petitioner contends:

(1) That he is not guilty of the offenses for which he was convicted;

(2) That the evidence is insufficient to establish his guilt;

(3) The statement or confession of Petitioner was obtained by trickery and that as a result of Petitioner being intimidated by the use of physical and mental coercion and misrepresentations;

(4) The pre-trial investigation of his case was not made in accordance with the provisions of Article 32, Uniform Code of Military Justice, 50 U.S.C.A. § 603;

(5) That he was convicted as a result of perjured testimony, particularly the testimony of Markland, which perjured testimony was induced as a result of a plot, scheme or conspiracy on the part of parties unnamed to have Petitioner tried and convicted;

(6) That his trial was a farce, sham and a mockery of justice and that he was denied the right to due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States; and

(7) That the court-martial trying him had no right to try him because he was not permitted to submit to appropriate authority a signed statement requesting his dishonorable discharge for the good of the service in lieu of a trial by court-martial under the provisions of AR 600–443.

The Respondent Brownell filed a motion to dismiss the Petitioner's Petition as to him because the Petition on its face shows that Petitioner is not in his actual physical custody and because this Court does not have jurisdiction over the person of the said Brownell as he, the said Brownell, is not within the territorial jurisdiction of this Court. This motion is well taken [1] and will be granted.

The Respondent Kearney in his response to Petitioner's Petition contends that the Petition should be denied because: (a) the general court-martial by which the Petitioner was tried and convicted was properly constituted, had jurisdiction over the person of Petitioner and of the offenses charged against him, and that the sentence imposed was within the legal limits and power of the court-martial to adjudge; (b) that each of the matters here complained of by Petitioner was either presented to the military courts, including the court-martial that tried Petitioner, or could have been presented by Petitioner to said military courts; and (c) that Petitioner has failed to exhaust the remedies available to him in the military establishment to test the legality of his conviction and present detention.

The scope of matters open for review on Habeas Corpus by the civil tribunals has always been more restricted in military than in civil cases.[2] More than half a century ago the Supreme Court held that the proceedings of a military court, such as a court-martial, are not open to review by civil tribunals except for the purpose of ascertaining whether the military court had jurisdiction of the person and subject matter, and whether, though having such jurisdiction, it had exceeded its powers in the sentence pronounced.[3] Guilt or innocence of persons convicted by a court-martial and the weight, credulity or sufficiency of evidence received by a mili-

---

1. Jones v. Biddle, 8 Cir., 131 F.2d 853.

2. Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508.

3. Carter v. Roberts, 177 U.S. 496, 20 S. Ct. 713, 44 L.Ed. 861.

tary tribunal are not matters for determination by a civil court in a habeas corpus proceeding but are for the military courts or reviewing military authorities.[4]

■ A study of the many cases decided by the Supreme Court, wherein the legality of the detention of a person convicted by a military court was being questioned by a habeas corpus proceeding in a civil court, would indicate that the jurisdictional test laid down by the Supreme Court in the early cases has been somewhat broadened in the last quarter of a century. The most recent decision by that court dealing with the extent of a civil court's authority in military habeas corpus cases is Burns v. Wilson, supra. In that case it was held that it was not the duty of a federal civil court to re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in an application for habeas corpus made by a person convicted and sentenced by a military court but that the limited function of a federal civil court is to determine whether the military have given fair consideration to each of these claims and if it is determined that the matters complained of in the application for habeas corpus were either presented to and given fair consideration by the military courts or that the convicted person had an opportunity to present said matters to a military court but did not do so, judgment of the military court will not be disturbed by the civil court. In subsequent decisions of Courts of Appeal and District Courts this rule has been applied.[5]

An examination of the record in this case convinces me (a) that the general court-martial in question had jurisdiction of the person of Petitioner and of the offenses with which Petitioner was charged and acted within its lawful powers; (b) that each contention herein made by Petitioner that was presented by Petitioner to one or more of the military tribunals was considered fully and fairly by the military tribunals; and (c) that Petitioner had ample opportunity to present to each of the military tribunals each and every matter complained of by him in his petition herein which was not submitted to the military tribunals. Therefore, under the teachings of Burns v. Wilson, supra, Petitioner's Petition for Habeas Corpus herein will be denied.

■ There is another reason for the denial of Petitioner's Petition. It is now well established that if a procedure is available in the military establishment by which a person detained by reason of a military judgment can obtain relief from such judgment, if he is entitled to be relieved from the effects of such judgment, such person must follow such procedure and exhaust the remedies provided therein and if such person has failed to exhaust the remedies available to him under such procedure in the military establishment, the federal civil courts will refuse to interfere in any way with the judgment of the military court.[6] As above indicated, Article 73, Uniform Code of Military Justice, 50 U.S.C.A. § 660, makes provision for the filing of a petition for a new trial with the Judge Advocate General of the Army within one year after approval by the

4. Burns v. Wilson, supra; Humphrey v. Smith, 336 U.S. 695, 69 S.Ct. 830, 93 L.Ed. 986; Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691; In re Yamashita, 327 U.S. 1, 66 S.Ct. 340, 90 L.Ed. 499; Collins v. McDonald, 258 U.S. 416, 42 S.Ct. 326, 66 L.Ed. 692; Carter v. McClaughry, 183 U.S. 365, 22 S.Ct. 181, 46 L.Ed. 236; Swain v. United States, 165 U.S. 553, 17 S.Ct. 448, 41 L. Ed. 823; and United States v. Fletcher, 148 U.S. 84, 13 S.Ct. 552, 37 L.Ed. 378.

5. Suttles v. Davis, 10 Cir., 215 F.2d 760; Easley v. Hunter, 10 Cir., 209 F.2d 483; Allen v. Wilkinson, D.C., 129 F.Supp. 73; and Wilson v. Wilkinson, D.C., 129 F.Supp. 324.

6. Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146; McMahan v. Hunter, 10 Cir., 179 F.2d 661, certiorari denied 339 U.S. 968, 70 S.Ct. 985, 94 L.Ed. 1376; and Whelchel v. McDonald, 5 Cir., 176 F.2d 260, affirmed 340 U.S. 122, 71 S.Ct. 146, 95 L.Ed. 141.

convening authority of a court-martial sentence such as the one imposed on Petitioner. Petitioner has filed no such petition for new trial and has wholly failed to allege or show good cause for failing to file such a petition for new trial.

In view of the conclusions herein reached and as above stated, it would serve no useful purpose to reconvene the trial of this case and permit the parties to present the testimony of other witnesses.

Judgment will be entered (a) dismissing Petitioner's Petition for Writ of Habeas Corpus as to the Respondent Brownell, and (b) denying Petitioner's Petition for Writ of Habeas Corpus as to the Respondent Kearney.