**Denzil R. ALLEN, Petitioner, Appellant,**

v.

**Rolland F. VanCANTFORT, Appellee.**

**No. 7417.**

United States Court of Appeals
First Circuit.

Jan. 13, 1970.

George E. Martz, with whom Johnson, Weaver & Martz, Indianapolis, Ind., was on brief, for appellant.

Edward G. Hudon, Asst. U. S. Atty., with whom Peter Mills, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

COFFIN, Circuit Judge.

Petitioner, a Lance Corporal in the United States Marine Corps, was charged with five specifications of premeditated murder in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918. Upon his plea of

guilty, he was convicted by a general court-martial. He is currently confined at the U. S. Naval Disciplinary Command in Kittery, Maine, pending review of his conviction by the military courts.

While confined at Kittery, petitioner sought a writ of habeas corpus from the United States District Court for the District of Maine. Since his appeal and request for new trial were then pending before a Navy Board of Review, the district court denied his petition for failure to exhaust his available military remedies. Immediately thereafter, petitioner sought habeas corpus from the highest court in the military system, the Court of Military Appeals, which summarily denied his request. Petitioner then returned to the United States District Court and filed his third petition, alleging that the action of the Court of Military Appeals excused any further resort to military courts, even though his case was still pending before the Board of Review. The district court once again dismissed his petition for failure to exhaust available remedies. We affirm.

 Gusik v. Schilder, 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950) and Noyd v. Bond, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969) established the rule that civilian courts should not entertain petitions from military prisoners until all available military remedies have been invoked. The wisdom of such judicial self-restraint is well illustrated in this case, where petitioner seeks to raise not only broad constitutional claims concerning the right to counsel, but also to challenge the sufficiency of the charge and specifications against him under the Uniform Code of Military Justice. When important rights are entangled with the provisions of an unfamiliar system of law, federal courts should be particularly reluctant to intervene until other corrective measures have been tried and found wanting. Noyd v. Bond, *supra* at 694, 89 S.Ct. 1876.

 Petitioner acknowledges the general validity of these principles, but seeks to distinguish his case on three grounds. First, he argues that he need not seek further review because the military appellate courts lacked "jurisdiction". Petitioner claims that he has been denied the effective assistance of counsel, an error described as "jurisdictional" in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Since, continues petitioner, the power of the military courts is narrowly circumscribed, each level of the military system must comply strictly with the requirements of law to obtain jurisdiction. Once the court-martial committed fundamental error, petitioner concludes, the entire military system lost jurisdiction to proceed.

It is clear, however, that the court-martial which tried defendant had jurisdiction in the strict sense, that is, authority to consider the charge and power over the person of the defendant. Keyes v. United States, 109 U.S. 336, 340, 3 S. Ct. 202, 27 L.Ed. 954 (1883). In reviewing state convictions on habeas corpus, federal courts have also used the term "jurisdictional" in a broader sense to indicate deprivations of constitutional rights which warrant collateral attack on a judgment, United States v. Augenblick, 393 U.S. 348, 351, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969), but jurisdictional defects in this sense do not render the proceedings void for all purposes. Fay v. Noia, 372 U.S. 391, 424, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). In particular, such defects do not excuse the necessity for exhaustion of available military remedies before resort to civilian courts. Gusik v. Schilder, *supra.*

 Petitioner next argues that he has already exhausted his remedies by seeking habeas corpus from the Court of Military Appeals, thus excusing direct appeal to the same court. Petitioner is correct in assuming that exhaustion does not require duplication of effort, but petitioner's resort to the Court of Military Appeals did not properly place in issue the merits of his constitutional claims. The Court of Military Appeals does have the power to issue habeas corpus under

the All Writs Act, 28 U.S.C. § 1651(a), but only in aid of its appellate jurisdiction. Noyd v. Bond, supra, 395 U.S. at 695, n. 7, 89 S.Ct. 1876. Such a limited use of the writ might have been appropriate in Noyd v. Bond, *supra,* where the prisoner sought a ruling on the conditions of his confinement pending appeal rather than review of the merits of his conviction. That case does not, however, justify petitioner's effort to short-circuit the orderly processes of appellate review. Petitioner cannot satisfy the requirement of exhaustion by pursuing an inappropriate remedy.

Finally, at oral argument, counsel for petitioner informed the court that subsequent to the decision of the district court the Board of Review had denied petitioner's appeal. Further review by the Court of Military Appeals is discretionary unless the Navy Judge Advocate General orders an appeal, 10 U.S.C. § 867(b), a procedure he has refused to adopt in this case. Petitioner, relying on the rule that state prisoners need not petition the United States Supreme Court for certiorari before seeking habeas corpus, Fay v. Noia, *supra,* 372 U.S. at 435–438, 83 S.Ct. 822, argues that he need only exhaust his remedies as of right. The analogy is not, however, apt. The United States Supreme Court, not being a state court, the opportunity for such review is not necessary to insure the kind of orderly administration of state law which the exhaustion doctrine was meant to protect. Moreover, because the Supreme Court of necessity rarely grants review, the requirement that state prisoners apply for certiorari proved in practice to be a futile and time consuming obstacle to relief. Fay v. Noia, *supra* at 437, 83 S.Ct. 822. No such showing has been made in this case.

Petitioner also relies on Decoster v. Madigan, 223 F.2d 906 (7th Cir.1955), which held that failure to raise an issue before the Court of Military Appeals did not bar subsequent resort to the civilian courts. In *Decoster,* however, the period for appeal to the Court of Military Appeals had already run, so that no further military remedies were available at the time when relief was sought in the civilian courts. Fay v. Noia, *supra,* 372 U.S. at 426–435, 83 S.Ct. 822. In this case, however, petitioner may still file for review. Indeed, petitioner's counsel informs us that petitioner has already executed the necessary papers. The fact that the Court of Military Appeals retains some control over its own docket should not excuse this step, especially since petitioner's appeal may raise questions of military practice as well as constitutional law.

The decision of the District Court dismissing the petition is affirmed without prejudice.