MS2 Edwin A. **ORTIZ**, **Plaintiff**,

v.

Capt. Michael **O'BRYAN**; **United States Navy**; **United States of America**, **Defendants**.

Civ. No. 90–1500CC.

United States District Court, D. Puerto Rico.

April 17, 1990.

Luis Rafael Rivera, San Juan, P.R., for plaintiff.

## JUDGMENT

CEREZO, District Judge.

We have before us a Petition for Writ of Habeas Corpus filed by MS2 Edwin A. Ortiz challenging his "confinement pending a court martial scheduled to be convened on April 24, 1990." The facts [1] which gave rise to this petition are as follows:

Petitioner, an active member of the U.S. Navy, was arrested on December 16, 1989 for alleged possession of cocaine with intent to distribute. He was placed in pretrial confinement by a military magistrate who considered that there was a risk the petitioner would flee. Upon motion for reconsideration supported by evidence that petitioner had strong family ties to the community, it is alleged that the magistrate issued an oral order on or about February 9, 1990, directing the release of the petitioner from pretrial confinement on the basis that he no longer posed a flight risk.

It is petitioner's contention that the respondent, Captain Michael O'Bryan, Command Officer, has placed him under pretrial restrictions of such severity that he remains under "custody" in violation of the Magistrate's order.

Petitioner indicates that on April 2, 1990 he filed a Motion Requesting Release from Pretrial Confinement and for Appropriate Relief to Military Judge LCDR Kenneth Bryan. He has learned [2] that this Judge will not be able to rule on this motion until his arrival in Puerto Rico for the April 24, 1990 hearing.

The petitioner does not challenge the jurisdiction of the military tribunal. What he asks is that the Court determine that the restrictive conditions violate the Magistrate's release order. The Court of Appeals for the First Circuit has stated that civilian courts should not entertain peti-

---

1. The facts are gleaned from the petition and supporting documents. No documents have been filed by the respondents.

2. There were no copies of any other orders or responses from the military record filed with the petition.

tions from military prisoners until all available military remedies have been invoked *Allen v. VanCantfort,* 420 F.2d 525, 526 (1st Cir.1970). *Gusik v. Schilder,* 340 U.S. 128, 71 S.Ct. 149, 95 L.Ed. 146 (1950) established the general rule that habeas corpus petitions from military prisoners should not be entertained by federal civilian courts until all available remedies within the military court system have been invoked in vain. When important rights are entangled with provisions of an unfamiliar system of law, federal courts should be particularly reluctant to intervene until other corrective measures have been tried and found wanting. *Id.* citing *Noyd v. Bond,* 395 U.S. 683, 694, 89 S.Ct. 1876, 1882, 23 L.Ed.2d 631 (1969). In its decision in the *Noyd* case, at 696–697, 89 S.Ct. at 1883–1884, the Court rejected the argument that there is less justification for deference to military tribunals in ancillary matters such as the legality of the petitioner's confinement while he exercised his right of appeal to higher military courts, holding that "[n]eedless friction will result if civilian courts throughout the land are obliged to review comparable decisions of military commanders in the first instance."

Although petitioner states that he has exhausted all his administrative remedies, it is unclear why he did not file this petition with the Court of Military Appeals.[3]

Accordingly, the petition for writ of habeas corpus is DENIED and the action is DISMISSED.

SO ORDERED AND ADJUDGED.

---

**3.** Courts of Military Review Rules of Practice and Procedure Rule 20(c) allows for the docketing of petitions for extraordinary relief by

means of electronic message, thereby making that court as available to petitioner as we are.