Military pay; correction of military records; arbitrary and capricious action; Officer Effectiveness Report; promotion; reinstatement. — Plaintiff alleges arbitrary and capricious action on the part of the Air Force Board for the Correction of Military Eecords in twice denying the application of plaintiff for voidance of an Officer Effectiveness Beport, removal from his records of two non-selections to permanent Major and promotion to the grade of temporary Lieutenant Colonel and permanent Major. On February 1,1974 the court issued the following order:
*753 “This action seeking review of a decision by the Air Force Board for the Correction of Military Records (Board) comes before the court on defendant’s motion for summary judgment.
“Upon consideration of the briefs and without oral argument, we conclude that material issues of fact exist warranting trial of plaintiff’s claim that the Board’s decision was arbitrary and capricious. In addition, oh the basis of the record before us, there is substantial doubt that the Board adhered to its own liberal mandate to correct errors in and remove injustice from plaintiff’s military personnel record. Skaradowski v. United States, 200 Ct. Cl. 488, 489, 471 F.2d 627, 628 (1973); Duhon v. United States, 198 Ct. Cl. 564, 461 F.2d 1278 (1972). We do not believe defendant carries the day 'by arguing that there is no feasible way to avoid the inequities created by “hard” and “easy” raters working side by side in the military service, since the Board was established to mitigate such administrative shortcomings by overcoming error and injustice on a case-by-case basis.
“We further conclude, however, that this court is without authority to grant plaintiff’s request for promotion to the rank he would by now have held had his record not contained the data he seeks to have nullified. Brenner v. United States, 202 Ct. Cl. 678 (1973); Clinton v. United States, 191 Ct. Cl. 604, 606, 423 F.2d 1367, 1368 (1970); Orloff v. Willoughby, 345 U.S. 83 (1953). At the same time, we are confident that the court can extend all other remedies here sought, including reinstatement of plaintiff to the military at the rank he held when discharged. 28 U.S.C. § 1491 (Supp. II, 1972).
“it is therefore ordered that, as to plaintiff’s claim that the Board’s denial of his administrative appeal was arbitrary and capricious, defendant’s motion for summary judgment be and the same is denied without prejudice and the case is remanded to the trial judge for appropriate proceedings.
“it is further ordered that, as to plaintiff’s request for promotion, defendant’s motion for summary judgment is granted and the petition is dismissed.”