Military fay; correction of military records; discharge, wrongful or invalid; pass-over; statutory and regulatory violations; entitlement to hade pay; motion for call upon General Accounting Office. — Plaintiff was honorably discharged on June 30, 1962 from the U.S. Marine Corps in the rank of captain, after having been passed over for promotion to the temporary grade of major by two successive selection boards. *848 Prior to certain events and to his discharge, plaintiff had between 13-14 years of exemplary service to his credit. Having been denied relief by the Board for Correction of Naval Records, he asks the court to find that his discharge was contrary to governing regulations, arbitrary, erroneous and unjust, that the denial of relief by the Board was arbitrary, capricious, not supported by substantial evidence, contrary to governing law and regulations, and unjust, and that he is entitled to pay and allowances in the grade of major for the period July 1,1962 to October 29,1968, and thereafter to the retired pay of a major from October 30,1968 to date of judgment, computed on the basis of 20 years active military service. On May 22,1974, Trial Judge Louis Spector filed a recommended decision in which he sets forth at length the circumstances giving rise to the issuance of three fitness reports on the basis of which plaintiff was passed over for promotion and consequently discharged. On November 1,1974 the court issued the following three orders:
Before Davis, Judge, Presiding, SkeltoN and KttNzig, Judges.
“This case comes before the court on the joint motion of the parties, filed June 19, 1974, requesting that the court adopt the recommended decision of Trial Judge Louis 'Spec-tor, filed May 22, 1974, pursuant to Rule 134(h), as the basis for its judgment in this case since the parties have agreed that neither will seek review of the said decision. Upon consideration thereof, without oral argument, since the court agrees with the trial judge’s recommended decision as modified by the court, it hereby grants the motion of the parties and adopts the decision, as modified by the court, as the basis for its judgment in this case.
“The decision of Trial Judge Spector is modified as follows:
“Starting on page 37, line 9, beginning with the words “His failure” delete the rest of that page and pages 38 through 42 and substitute the following in lieu thereof:
“In this case the plaintiff also claims the lesser included remedy of the pay and retirement benefits of a captain based on his illegal separation, and he has repeatedly and unsuccessfully sought that relief from the BCNR. The *849 precedents entitling Mm to the lesser remedy are equally well-established.[1]
“Both on legal grounds and on equitable grounds (which have been embodied in a statute),[2] the record above-summarized entitles plaintiff to the benefits of the grade at which he was discharged. The regulatory transgressions earlier cited would alone support that judgment. Here we also have unmistakable evidence of material error and injustice.[3]
“In tMs unusually persuasive case, it follows that plaintiff is clearly entitled to, and is hereby awarded the lesser included remedy, namely, the pay,and retirement benefits of a captain from the date of his discharge on June 80,1962, to October 29,1968, less offsets and civilian earnings,[4] the amount of recovery to be determined pursuant to Rule 131 (c),[5] and the retired pay of a captain, U.S. Marine Corps, based upon 20 years of active duty from October 30, 1968, to the date of entry of judgment.
“Also, on page 68, the paragraph under the title “Conclusion of Law” is deleted in its entirety, and the following is substituted in lieu thereof:
“Upon the findings of fact and foregoing opinion, wMch are adopted by the court and made a part of the judgment herein, the court concludes as a matter of law that plaintiff is entitled to recover of and from the United States the pay and retirement benefits of a captain from the date of his discharge on June 30,1962, to October 29, 1968, less offsets and civilian earnings, the amount of recovery to be determined pursuant to Rule 131 (e), and the retired pay of a captain, U.S. Marine Corps, based upon 20 years of active duty, from October 30, 1968, to the date of entry of judgment. Plaintiff is also entitled *850 to an order pursuant to Public Law No. 92-415 correcting bis records to nullify the data on which his improper discharge was predicated.”
“Upon consideration of the report of the trial judge to the court, filed May 22, 1974, wherein the trial judge recommended entry of judgment for plaintiff and the granting of relief under the provisions of Public Law 92-415, and the joint motion of plaintiff and defendant, filed June 19, 1974, wherein the parties jointly moved the court to adopt the report of the trial judge, now, therefore,
“it is ordered that judgment be, and the same is hereby entered for plaintiff against defendant for the active duty pay and allowances of a captain in the United States Marine Corps, for the period June 30,1962, to October 29,1968, less the amount of plaintiff’s outside civilian earnings during that period, and the retired pay of a captain, United .States Marine Corps, based upon twenty (20) years of active duty ■ from October 30,1968, to the date of entry of judgment;
“it is further ordered that the Secretary of the Navy correct any and all records of the United States Marine Corps and the Department of the Navy relating to plaintiff by:
(1) Voiding and expunging from the records of the United States Marine Corps and the Department of the Navy the three Officer Fitness Reports rendered for the combined rating period December 13, 19.59, to August 26, 1960, and any and all documentation relating thereto;
(2) Voiding and expunging from the records of the United States Marine Corps and the Department of the Navy any and all documentation relating to the imposition of punishment under the provisions of Article 15, Uniform Code of Military Justice, and any appeal therefrom;
(3) Voiding and expunging from the records of the United States Marine Corps and the Department of the Navy any and all documentation relating to investigations conducted by Marine Air Group 11 relating to plaintiff;
(4) Voiding and expunging from the records of the United States Marine Corps and the Department of the Navy any and all documentation relating to the plaintiff’s failure of selection for promotion to the *851 .temporary grade of major by the selection boards that convened on July 25, I960, and October 5, 1961;
(5) Voiding and expunging from the records of the United States Marine Corps and the Department of the Navy plaintiff’s discharge on June 30, 1962, and correction of said records to show that the plaintiff served continuously on active duty from June 30, 1962, to October 29, 1968, in the grade of captain, United States Marine Corps, and that on October 30, 1968, he was retired from the United States Marine Corps in the grade of captain, United States Marine Corps, by reason of years of service; and
(6) Taking such other further action as may be deemed necessary and/or appropriate in consonance with the foregoing matters.”
ONDEE, GRANTING PLAINTIFF’S. MOTION FOE CALL
“whereas, the court has this day entered a judgment in favor of the plaintiff against the United States for the active duty pay and allowances of a captain in the United. States Marine Corps, for the period June 30, 1962, to October 29, 1968, less the amount of plaintiff’s outside civilian earnings during that period, and the retired pay of a captain, United States Marine Corps, based upon twenty (20) years of active duty from October 30,1968, to the date of entry of judgment; and
■ “whereas, the plaintiff has filed a motion for call upon the General Accounting Office to compute the monies due the plaintiff, and it appears that such motion should be granted;
“therefore, it is ordered that the General Accounting Office compute the monies due the plaintiff from defendant on the basis of the judgment entered herein.”

 See Boruski v. United States, 140 Ct. Cl. 1, 7, 155 F.Supp. 320, 324 (1957) ; Gearinger v. United States, 188 Ct. Cl. 512, 412 F.2d 862 (1969) ; MacEntee v. United States, 203 Ct. Cl. 752 (1974) ; and Riley v. United States, Ct. Cl. No. 206-73 (decided by order dated April 19, 1974), 204 Ct. Cl. 865.

 10 U.S.C. § 1552. Also see Skaradowski v. United States, 200 Ct. Cl. 488, 471 F.2d 627 (1973).

 Skaradowski, supra, 200 Ct. Cl. at 489, 471 F.2d at 628.

 The plaintiff has agreed to accept the lesser Included pay and retirement benefits of a captain from the date of his discharge on June 30, 1962, and has filed a joint motion with the defendant to adopt the trial judge’s recommended decision awarding him such pay and benefits.

 See and compare, Diamond v. United States, 192 Ct. Cl. 502, 427 F.2d 1246 (1970) ; and Gearinger v. United States, 188 Ct. Cl. 512, 412 F.2d 862 (1969).”