Military fay; correction of military records; promotion.— On February 14, 1975 the court issued the following order:
Before kashiwa, Judge, Presiding, kuNzig and beNNett, Judges.
“This case comes before the court on defendant’s motion, opposed by plaintiff, to dismiss the petition for failure to state a claim upon which relief can be granted. While a major in the United States Army, plaintiff received an adverse officer efficiency report (OER) for the period August 6,1967, to March 10, 1968. Subsequently, plaintiff was passed over *861 for promotion to lieutenant colonel by three successive selection boards meeting in 1968,1969, and 1971. Thereafter, on June 11,1973, plaintiff was selected for promotion to lieuten: ant colonel and is presently serving at that rank.
“Plaintiff has argued unsuccessfully to Army officials, including the Army Board for Correction of Military Records, that the OER was arbitrary and capricious and contrary to applicable regulations. He asks this court to order the OER removed from his record, to order his record corrected to show promotion by an earlier selection board, and to award him back pay for the difference between the salaries of a major and lieutenant colonel for the period corresponding to the correction of his record.
“Plaintiff fails to state a claim upon which relief may be granted. Neither before nor after the enactment of Pub. L. 92-415 giving this court certain remand powers have we been willing to meddle in the military’s promotion system. Brenner v. United States, 202 Ct. Cl. 678 (1973), cert. denied, 419 U.S. 831 (1974), and cases cited therein; MacEntee v. United States, 203 Ct. Cl. 752 (1974); Riley v. United States, 204 Ct. Cl. 865 (Order of Apr. 19, 1974).
“Because we lack authority to promote plaintiff, he is shown to be without a claim for money judgment. Hence his request for removal of the adverse OER cannot be considered. A petition similar to plaintiff’s was dismissed in Clinton v. United States, 191 Ct. Cl. 604, 423 F. 2d 1367 (1970), for failure to state a claim upon which relief could be granted.
“rr is therefore ordered that defendant’s motion to dismiss the petition for failure to state a claim upon which relief can be obtained is granted. Plaintiff’s petition is dismissed.”
Plaintiff’s motion for rehearing, motion for leave to file an amended complaint, and suggestion for a hearing en banc were denied April 25,1975.