On June 27, 1975 the court issued the following oi'der:
Before Skelton, Judge, Presiding, Ktjnzig and Bennett, Judges.
“This military pay case comes before us on defendant’s motion to dismiss plaintiff’s petition for failure to state a claim upon which relief can be granted.
“Plaintiff, a Major in the Air Force, brings this action under the Tucker Act, 28 U.S.C. § 1491, as amended (Supp. II, 1972), seeking a retroactive promotion to the rank of Lt. Colonel, effective April 22, 1974, with corresponding back pay and correction of his military records. Additionally, plaintiff seeks correction of his military records to reflect a previously granted promotion to the rank of Major, effective November 11,1967.
“Upon consideration of defendant’s memorandum in support of its motion, plaintiff’s memorandum in opposition and without oral argument, we conclude plaintiff has failed to state a claim within the jurisdiction of this court.
“An absolute prerequisite to our jurisdiction is a claim for a money judgment presently due. United States v. King, 395 U.S. 1 (1969); Kirby v. United States, 201 Ct. Cl. 527, 537 (1973), cert. denied, 417 U.S. 919 (1974). While plaintiff has proposed a novel twist, his failure to present an independent monetary claim is fatal to his case. The only potential claim for a money judgment presented in plaintiff’s petition is retroactive pay in the rank of Lt. Colonel. This back pay claim is contingent on our first ordering plaintiff’s promotion in a case where the promotion is within the discretionary zone. We have held that this court is not in the promotion business. Yee v. United States, 206 Ct. Cl. 388, 512 F.2d 1383 (1975). But even if we were in the ‘promotion business,’ such relief could only be granted incidental to, and not independent of, a monetary judgment.
*999 “Since plaintiff has not presented an independent monetary claim upon which this court can grant relief, his request for correction of his military records must likewise 'be dismissed. Although Pub. L. 92 — 415 would permit this court to order the correction of military records incidental to the award of a money judgment, this statute does not provide an independent jurisdictional basis.
“In his opposition to the present motion, plaintiff has asked us to transfer his case to a United States District Court under our 28 U.S.C. § 1506 transfer power in the event we find our jurisdiction wanting. We deny this request.
“Our § 1506 transfer authority exists in situations where we find the claim presented to be in the exclusive jurisdiction of a United States District Court. Plaintiff’s case, as pleaded, is not within the exclusive jurisdiction of the District Court. Plaintiff’s petition names the United States as defendant. Under such caption, the District Court’s jurisdiction, if any, would be concurrent with ours, under the Tucker Act, but not exclusive.
“it is therefore ordered defendant’s motion to dismiss is granted and the petition is dismissed. Plaintiff’s request for transfer under 28 U.S.C. § 1506 is denied.”