"We have before us defendant’s motion for summary judgment which plaintiff opposes because, in his view, there are disputed material issues of fact yet to be resolved. The court has considered the parties’ written presentations but has not considered that oral argument is necessary or would be helpful.
"Plaintiff, Philip P. Panzarella, was mandatorily released from his assignment with the Air Force Ready Reserve following two passovers for promotion. In his petition he requests an unspecified money judgment, correction of his military records to nullify his two promotion passovers, and reinstatement to his Reserve commission.
"Plaintiff served in the Air Force on extended active duty as a career reserve officer from September, 1960 until March 17, 1969, for which period he has been paid. Immediately after his release from extended active duty, he took a civilian job with the Air Force as an engineer. On November 28, 1969, he entered the Air Force Reserve Officers Training Program. This activity was of course in addition to his regular civilian job and he participated in the Program on a 'no pay’ status. He successfully completed his first year in the Program, earning a satisfactory number of reserve 'points’.[1] During his next Reserve year (1970-71) he was unable to accumulate the minimum 50 *817 'points’ necessary for continued participation because, according to plaintiff, his workload had dramatically increased because of exigencies created by the war in Vietnam. On July 25, 1971, plaintiff was notified of his unsatisfactory 'point’ year and on the next day he was informed that his Reserve Training unit at Wright-Patterson Air Force Base had been disbanded. According to plaintiff, he immediately requested assignment to an Active Reserve unit so as not to jeopardize his Reserve career but a series of administrative errors prevented his transfer to such a unit until April 1972. He states therefore, that his second bad 'point’ year (July 1971-July 1972) was also not occasioned by any fault of his but rather by administrative bungling. According to defendant, after plaintiffs unit had been disbanded, he was assigned to the Inactive Status List Reserve Section because of his past year’s nonparticipation, evidenced by his failure to earn the minimum 50 'points’.
"In April, 1972, plaintiff was assigned to another Active Reserve unit and for that year and the next two years he earned 'points’ in excess of the required minimum (but was not in a 'pay status’). He says that, despite his extra efforts to explain his two bad "point” years and his ongoing demonstration of interest in the Program, he was deferred for promotion to major by the 1975 Promotion Boards. As a result of these two passovers, he was mandatorily released from the Program. He then voluntarily transferred to the Retired Reserves, a status he still holds.
"Plaintiffs basic complaint is that despite his exemplary service record he was passed over (and therefore released from the Active Reserves) because of two bad 'point’ years that were unsatisfactory through no fault of his own. He claims that his release from the Program was a denial of due process and a violation of his statutory rights to higher pay entitlement upon retirement from the military reserve. When his application for relief to the Air Force Board for the Correction of Military Records was denied, plaintiff sought relief here.
"Even assuming that plaintiffs failure to accumulate 'points’ in 1970-71 and 1971-72 was not due to any fault of his (and on the other hand was due at least in part to *818 administrative misunderstanding and errors) and that the passovers were improper, plaintiff nonetheless may not recover in this court because he has not stated, and cannot state, any claim for money damages currently due.
"As a member of the Air Force Reserves, plaintiff has never (except for his nine-year extended active duty ending in 1969) held a position entitling him to draw pay for the performance of his Reserve duties. On this crucial issue there is and can be no factual dispute. Plaintiff points out that Active Reserve officers are sometimes given the chance to engage in special active duty tours which can yield several thousand dollars per year compensation. This possibility, however, is so speculative that we have no assurance (and cannot even see the likelihood) that such special tours would take place and that plaintiff would be requested to (or be available to) participate. These special tours of paid active duty are based upon particular program requirements not upon a need or requirement of the individual reservist; there is no guarantee or directed requirement that any reservist in plaintiffs class will be selected for a special tour of paid active duty. Certainly the mere possibility of earning such extra compensation does not amount to the current entitlement or right to pay which is the prerequisite to a successfully pleaded pay-and-reinstatement claim in this court. See United States v. Testan, 424 U.S. 392 (1976); United States v. King, 395 U.S. 1 (1969); Kirby v. United States, 201 Ct. Cl. 527, 537-38 (1973), cert. denied, 417 U.S. 919 (1974); Roseman v. United States, 207 Ct. Cl. 998 (1975). Even if plaintiff were to prevail on all the factual issues which he characterizes as disputed, he could not for this reason succeed in obtaining a judgment from this court.
"it is therefore ordered and concluded that defendant’s motion for summary judgment is granted and plaintiffs petition is dismissed.*”

 As emphasized infra, at all relevant periods of plaintiffs Reserve Program participation he served on a "no pay” status, but he did have the opportunity to earn "points” entitling him to additional service years for purposes of retired pay computation. He has not been in the Reserves long enough to be eligible for retirement benefits and does not sue for them here.

 In view of our disposition, plaintiffs request for additional discovery and for a trial on the merits is denied.