This military pay case is before the court on defendant’s unopposed motion for summary judgment. Plaintiff, initially proceeding pro se but represented by counsel since December 11, 1980, challenges the determination of the Army Board for the Correction of Military Records (ABCMR) on two grounds. First, plaintiff contends that the board acted arbitrarily in refusing to correct the decisions of Army selection boards that declined to promote plaintiff to the rank of major in the Regular Army. For this alleged mistake, plaintiff seeks promotion to major and back pay lost as a result of not being promoted to major in 1974. Second, plaintiff challenges the decision of the ABCMR denying his application for correction of his records to reflect retirement for physical disability. He seeks judgment for physical disability retired pay. These claims present jurisdictional questions for the court and a determination of whether the ABCMR decision must be set aside as arbitrary, capricious, and contrary to law.
Plaintiff entered the Army of the United States on July 19, 1964. He was commissioned as a second lieutenant in the Regular Army on October 21, 1964. He was promoted to captain, Regular Army, on February 19, 1971. He was separated from active duty on February 1, 1980, pursuant to 10 U.S.C. § 3303(a) (1976), after having been twice passed over for promotion to permanent major in 1978 and 1979. *768 Oil his discharge, plaintiff received $12,000, after taxes, as severance pay.
Plaintiffs medical history, which forms a basis for his claims, can be summarized. In 1967 plaintiff was injured on landing in a parachute jump and received treatment for neck muscle spasms. No permanent injury was detected, however, and plaintiff was returned to duty. He continued, apparently, to have some degree of neck pain and was reevaluated and found medically unfit, by an attending physician, for further military service. A medical board in January 1979 affirmed this diagnosis and recommended review of the case by a physical evaluation board. The board reviewed the record and concluded that the evidence was insufficient to show that plaintiff was unable to perform his military duties but imposed certain physical profile limitations on his future duty assignments. Plaintiff contested this determination and demanded a formal hearing at which he could be represented by counsel. This request was approved, and a hearing was held on March 21, 1979. The earlier board findings were reaffirmed. Plaintiff rebutted this determination, and it was again reaffirmed upon consideration of plaintiffs supplementary evidence. The board findings and decision were transmitted to the U. S. Army Physical Disability Agency and, ultimately, were approved by the Secretary of the Army on May 15, 1979.
On July 20,1979, plaintiff sought relief from the ABCMR and appealed his officer effectiveness reports (OER) for the period 1967 through 1969 to the U. S. Army Military Personnel Center (MilPerCen). As to the OERs, plaintiff alleged that they were compiled during a period when his medical condition was misdiagnosed as emotional illness, and he was placed in positions he was physically incapable of performing. Later in 1979, plaintiff amended his application to the ABCMR to request promotion to temporary major in 1974 and permanent major in 1977, on the grounds just stated.
In December 1979 and January 1980, the Personnel Center denied plaintiffs appeal upon its conclusion that plaintiff had failed to present evidence of mistake or bias in his OERs or to show the violation of pertinent regulations.
*769 On February 13, 1980, plaintiffs claims for promotion and medical disability retirement were rejected by the ABCMR, which found no probable material error or injustice. The board stated, in part:
(1) In view of the applicant’s satisfactory performance of duty for nearly 13 years after his injury, his subsequent parachute jumps after the injury, his tour in Vietnam, his assignment as an infantry company commander in combat, his maximum OERs over the past three years, and the description of his physical fitness on those OERs as satisfactory, the finding of his physical fitness by the Department does not appear to be in error. He clearly was able to satisfactorily perform the duties of his office, grade, rank, or rating. Notwithstanding his physical, profile and duty limitations, it was unnecessary for him to be reassigned.
* $ # * #
(2) * * *
Nevertheless, the applicant’s records show no formal military education since 1969 and only three college-level courses since his EAD. This lack of professional develpment, together with the lack of variety in military assignments occasioned by his nearly eight years of continuous association with Junior ROTC, is not inconsistent with the actions of the promotion boards that considered him.
Plaintiffs suit in this court was filed on December 21, 1979, prior to his written notification on February 27, 1980, of the decision of the ABCMR.
Count I of the amended petition demands "Judgment against the Defendant in an amount representing the pay and allowances lost from 1974 to 1 February 1980 as a result of not being promoted to Major in 1974.” We do not have jurisdiction of a back pay claim predicated on a promotion not received. United States v. Testan, 424 U.S. 392 (1976); United States v. King, 395 U.S. 1 (1969). We cannot appoint or promote military or civilian personnel. It is not the business of the court to run the Army. Orloff v. Willoughby, 345 U.S. 83 (1953). Promotions are discretionary and we are not vested with that discretion. Dorl v. United States, 200 Ct. Cl. 626, cert. denied, 414 U.S. 1032 (1973). To afford relief to plaintiff, he must show us a legal *770 error or legal entitlement to a promotion and plaintiff has not done this. There is a presumption that the administrative officials acted lawfully, in good faith, and without bias in determining that plaintiff did not merit promotion. Boyd v. United States, 207 Ct. Cl. 1, 9 (1975), cert. denied, 424 U.S. 911 (1976). Further, it is essential that plaintiff present a claim for a money judgment presently due. This is not plaintiffs case, since he would not be entitled to money unless promoted. Our precedents in this matter are many and all adverse to plaintiffs position. Compare Roseman v. United States, 207 Ct. Cl. 998 (1975); Rengstorff v. United States, 206 Ct. Cl. 860 (1975). We deny Count I for lack of jurisdiction.
Count II of the petition challenges action of the ABCMR in refusing to correct plaintiffs medical records to show him entitled to physical disability retirement pay. Plaintiff also has argued that defendant violated certain regulations in evaluating his physical condition and promotion potential. We do not consider that he has established that the board’s action in denying his application is arbitrary, capricious, or contrary to law. We have examined the record and cannot find that the board decision was unlawful, without a rational basis, or was unsupported by substantial evidence. Accepting at face value plaintiffs allegations that he did indeed suffer an injury, it is clear that the board considered this and found that the numerous physical evaluations of his condition would not support a finding that he could not perform his military duties as, in fact, he did for some 13 years after the injury with no credible evidence that his condition was aggravated by further service. From 1967 to 1972 he was rated on a form which required his rater to rank his physical condition on a scale of 1 to 5 with 1 being the best possible score. Plaintiff achieved a score of 1 on every rating submitted. One rating noted specifically, on October 28, 1969, that plaintiff "maintained a high-degree of physical fitness.” From 1972 to 1979, although a different method of scoring fitness was used, it was noted in each review that plaintiff was "physically fit.” The only negative comments were unrelated to any physical problems but commented on "a lack of ambition” on plaintiffs part. In this connection we have *771 considered the explanations in the petition that plaintiff, because of his perceived physical problems, "consciously avoided and refused assignments requiring the application of Infantry officer skills” and engaged in "conscious avoidance and refusal of career-enhancing assignments.”
Plaintiffs reliance on Army regulations is misplaced. There are copies in the record before us. AR 635-40, ¶ 2-1(a) (25 Feb. 1975) is an example of these regulations. It reads:
2-1. Standards of unfitness by reason of physical disability. a. The mere presence of an impairment does not, of itself, justify a finding of unfitness because of physical disability. In each case considered, it is necessary to correlate the nature and degree of physical disability which is present with the requirements of the duties which the member reasonably may be expected to perform by virtue of his office, grade, rank, or rating.
We believe that this correlation was done by the military authorities in plaintiffs case, in good faith, and on the best evidence. Sanders v. United States, 219 Ct. Cl. 285, 594 F.2d 804 (1979). Plaintiff has alleged, however, that the correction board "misconstrued the evidence before it and relied upon substantially inaccurate information from-MILPER-CEN and the Surgeon General of the Army.” This is an allegation and not proof. It will not suffice. Boland v. United States, 169 Ct. Cl. 145 (1965); Snell v. United States, 168 Ct. Cl. 219 (1964). The most that can be said on plaintiffs behalf is that the record shows some disagreement between those who examined him. But, considering this, the board concluded that the evidence supported the finding that he was not disabled from performing military duties and, in fact, did so and was not entitled to disability retirement. The decision is therefore entitled to finality where plaintiff has not met his burden of showing it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence. Hoen v. United States, 157 Ct. Cl. 235 (1962).
We have gone into this matter in such detail because plaintiff has proceeded pro se, and we have seen no evidence of his lawyer’s input in the case. Plaintiffs response was due December 1, 1980. Plaintiffs counsel requested three time extensions which were granted up to March 4, 1981. *772 No response to defendant’s motion has ever been filed. As heretofore noted, the defendant’s motion for summary judgment is unopposed. However, plaintiff has rendered long and honorable military service and is entitled to a thorough and final review of his complaint. Clinton v. United States, 191 Ct. Cl. 604, 423 F.2d 1367 (1970).
We conclude, therefore, that when the correction board had before it medical records indicating that at the time of plaintiffs relief from active duty, not by reason of physical disability, he was fit for military service, and where his final-type physical was not shown to have been grossly erroneous or negligent, the refusal of the board to correct plaintiffs record to show that he was in fact disabled at the time of his discharge is not arbitrary, capricious, or unsupported by substantial evidence. Kingsley v. United States, 172 Ct. Cl. 549 (1965). Plaintiff has not stated a claim on which relief can be granted on Count II of the petition.
it is therefore ordered, without oral argument, that defendant’s motion for summary judgment is granted. The petition is dismissed.
Plaintiffs motion for relief from that portion of Order dismissing Count II was denied January 15, 1982.