James G. LAW, Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–Appellee.

No. 92–5165.

United States Court of Appeals,
Federal Circuit.

Dec. 13, 1993.

Eugene R. Fidell, Felderman, Tucker, Leifer, Fidell & Bank, Washington, DC, argued, for plaintiff-appellant. With him on the brief was James L. Feldesman. Of counsel was Jeffrey E. Rummel.

Kirk T. Manhardt, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued, for defendant-appellee. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and James M. Kinsella, Asst. Director. Also on the brief were Dale E. Andrews, Alexander J. Millard, Dept. of Transp. and Lieutenant Commander Joseph Donovan, U.S. Coast Guard, of counsel.

Before NIES, Chief Judge, CLEVENGER and RADER, Circuit Judges.

NIES, Chief Judge.

After nomination by the President and confirmation by the Senate, Secretary of Transportation Skinner removed the name of appellant, then Lieutenant James G. Law, U.S. Coast Guard, from the list of officers to be promoted to the grade of lieutenant commander. Appellant maintains that the appointment was nevertheless effective on June 1, 1990, and he, thus, is entitled to the rank and pay of lieutenant commander. After the Personnel Record Review Board and the Department of Transportation Board for Correction of Military Records rejected his assertions of error in procedures, he filed suit in the United States Claims Court.[1] His complaint was dismissed. Judge Andewelt holding that the actions taken by the agency and the Secretary were effective to delay and prevent his promotion. *Law v. United States,* 26 Cl.Ct. 382 (1992). We affirm.

## I

### Background

The following facts are not disputed. Appointments to the rank of lieutenant commander in the Coast Guard are made by the President, with the advice and consent of the Senate. 14 U.S.C. § 271(e) (1988). A Coast Guard selection board recommended Lt. Law, along with a group of other candidates, for promotion to the rank of lieutenant commander, and these recommended candidates were placed on a list of selectees. On October 4, 1988, the Secretary of Transportation, signing "For the President," approved the selection board's promotion recommendation and stated:

> Pursuant to the authority of Section 271, Title 14, U.S.Code, and subject to the advice and consent of the Senate, the President appoints to the grade of lieutenant commander, effective on the date of Senate confirmation, or the date vacancies occur, whichever is later, the officers of the Coast Guard recommended for promotion in the report of the selection board approved this date.

On January 3, 1989, the President nominated all 132 officers on the list of selectees for promotion to the rank of lieutenant commander. Subsequently, the Senate confirmed the nomination of all 132 officers, including Lt. Law. However, at that time, there were insufficient vacancies for all 132 nominees to receive their promotions immediately. As set forth in 14 U.S.C. § 271(b) (1988), as vacancies become available, "[o]fficers shall be promoted in the order that their names appear on the list of selectees." Appellant's name appeared 107th on the selection list of 132. There was no vacancy available for the 107th person until June 1, 1990.

Section 271(f) permits the Secretary to delay the promotion of a Coast Guard officer and § 272(a) authorizes the President to remove an officer's name from the promotion list. Section 271(f) states:

> The promotion of an officer who is under investigation or against whom proceedings of a court-martial or a board of officers are pending may be delayed without prejudice by the Secretary until completion of the investigation or proceedings. However, unless the Secretary determines that a

---

1. As of October 29, 1992, the United States Claims Court became the "United States Court of Federal Claims," pursuant to the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902(a), 106 Stat. 4506, 4516 (1992). We will refer to the court by the name which it had while this matter was pending before it.

further delay is necessary in the public interest, a promotion may not be delayed under this subsection for more than one year after the date the officer would otherwise have been promoted. An officer whose promotion is delayed under this subsection and who is subsequently promoted shall be given the date of rank and position on the active duty promotion list in the grade to which promoted that he would have held had his promotion not been so delayed.

14 U.S.C. § 271(f) (1988). Section 272(a) provides: "The President may remove the name of any officer from a list of selectees established under Section 271 of this title." 14 U.S.C. § 272(a) (1988).

In a May 2, 1990, memorandum, the Commandant of the Coast Guard informed appellant that the Chief of Personnel and Training had directed that appellant's promotion be withheld pending a decision by a board of officers as to whether the President should remove appellant from the promotion list. The Chief based his decision on information contained in a special Officer Evaluation Report (OER) covering the period from August 7, 1989, to February 27, 1990. This information was the product of an inquiry conducted at the behest of Lt. Law's superior officer. The special OER reported numerous allegations of "crude" and improper behavior by Lt. Law which, *inter alia*, led to a lack of respect for Lt. Law among his subordinates. Some, but not all, of the allegations related to harassment of female workers and discrimination based on sex. Appellant's Commanding Officer concluded that appellant was "unsuitable for independent duty" and "should only be considered for assignments where he is under direct supervision."

Pursuant to the May 2, 1990, memorandum, a special board of three Coast Guard captains (hereinafter "Special Board") convened to consider appellant's promotion. The Special Board first met on June 11, 1990, after the date on which appellant's promotion originally would have been effective. During the pendency of the Special Board's deliberations, appellant sought relief from the Coast Guard Personnel Records Review Board ("Review Board"). Appellant asked the Re-

view Board to strike from appellant's record the special OER and to cancel the proceedings of the Special Board. Alternatively, if the above relief was not granted, appellant asked that the proceedings before the Special Board be suspended until appellant was accorded all rights granted under the Military Civil Rights Manual to a person accused of sexual harassment. The Review Board denied appellant's request and upheld the special OER process and findings and stated that it lacked the power to dissolve the Special Board. The Review Board also concluded that the investigation was consistent with Coast Guard civil rights policy, since the Coast Guard handled the investigation as a performance issue rather than as a sexual harassment issue.

The Special Board ultimately recommended that appellant be removed from the promotion list, and in March 1991, the Secretary, acting "For the President," informed the Commandant of the Coast Guard that appellant's name was removed from the promotion list. Appellant then added the promotion list removal to his original motion for relief by the Department of Transportation Board for Correction of Military Records (BCMR). The BCMR found that the actions of the Coast Guard, including the actions of the Commandant, the Special Board, the Review Board, and the Secretary, were proper and denied any relief. Thereafter, appellant filed the instant action.

## II

### *Jurisdiction*

■ As an initial matter, we reject the position of the United States that the Claims Court had no jurisdiction to entertain Law's claim. While the government is correct that "one is not entitled to the benefit of a position until he has been duly appointed to it," *United States v. Testan,* 424 U.S. 392, 402, 96 S.Ct. 948, 955, 47 L.Ed.2d 114 (1976), Law asserts, inter alia, a claim that he was appointed because the actions taken by the Coast Guard and the Secretary were ineffective to derail his appointment otherwise effective by reason of the Secretary's order of October 4, 1988, the Senate's confirmation,

and the availability of a position. Law is not asking the Claims Court to order his promotion but to recognize that it had occurred. Thus, the precedent holding that a court is without authority to grant a promotion is inapplicable.[2] The Claims Court would have authority to grant the relief requested if Law's claim that the appointment had been effected were meritorious. That Law's claim fails on the merits does not negate the court's jurisdiction.

## III

### Delay of Appointment

Appellant first argues that the requirements of § 271(f) necessary to delay his appointment were not met because the Special Board which eventually recommended that he not be promoted (1) was not a "board of officers" within the meaning of § 271(f) because it did not afford proper procedures and (2) in any event, such board did not convene until after his appointment became effective.

### A.

■ On April 25, 1990, the Chief of the Office of Personnel and Training approved the creation of a "Special Board" to determine whether the name of Lieutenant Law should be removed from the selection list. Appellant maintains that any "board of officers" to delay his appointment must afford him the benefits set out in 14 U.S.C. §§ 321–327 (1988) respecting separation of an officer from the Coast Guard for cause. Under those sections, a "board of officers" is convened to determine whether an officer should be required to show cause for his retention on active duty, i.e., a "show cause" board. 14 U.S.C. § 321. If a show cause order is issued, thereafter a "board of inquiry" is convened to conduct trial proceedings. 14 U.S.C. § 322. Law claims entitlement to a proceeding in which the same rights and procedures are provided as set forth in § 325, that is the "board of officers" under § 271(f) should have acted as a "show cause" board or should have conducted a trial. The government concedes such procedures were not provided by the Special Board but disagrees that they were required.

Judge Andewelt fully analyzed the arguments respecting § 325 procedures, concluding:

> [T]here is no statutory guarantee that Section 325 rights and procedures apply to such a board of officers proceeding looking into possible removal of an officer from a selection list. Section 325 specifies that the rights and procedures therein apply to a board of inquiry proceeding pursuant to Section 322, which involves officers being considered for removal from the Coast Guard. There is no suggestion in Section 325 that these rights and procedures apply for any other type of board of officers proceeding. Here, the board of officers was looking into the removal of plaintiff's name from the promotion selection list, a far less severe sanction than the removal of plaintiff from the Coast Guard. Since the two sanctions are distinct, the court cannot reasonably imply that Congress intended the same rights that apply to a Section 322 inquiry to apply to the instant board proceeding. There certainly is no statement to this effect in the statute.

26 Cl.Ct. at 388. We agree with this analysis and affirm his ruling that §§ 322–325 do not apply to proceedings of a "board of officers" convened to remove a name from a promotion list.

### B.

■ Law's further argument is that the delay was unlawful because no proceedings were "pending" before the board of officers as required by § 271(f) to sanction a delay of his promotion otherwise scheduled for June 1, 1990. There is no dispute that the officers

---

**2.** See Voge v. United States, 844 F.2d 776, 782 (Fed.Cir.), cert. denied 488 U.S. 941, 109 S.Ct. 365, 102 L.Ed.2d 355 (1988) ("strong policy reasons compel courts 'to allow the widest possible latitude to the armed services in their administration of personnel matters.' ... absent a statute or regulation entitling a service member to a promotion as a matter of law, the Claims Court has no authority to entertain" a claim for a promotion) (citations omitted).

To the extent appellant's arguments are directed to challenging agency action as unlawfully preventing his appointment, we do not address them.

of the Special Board were not selected until June 11, 1990, which was after Law's originally scheduled promotion date. In Law's view, specific officers must have actually met or convened by June 1, 1990 for proceedings to be "pending" before June 1. Judge Andewelt ruled that proceedings were pending against appellant from "the date on which the Special Board was approved, rather than the date on which it first convened." 26 Cl.Ct. at 387 n. 5. Again, we agree.

On April 25, 1990, the Chief of Personnel and Training referred the matter to a board of officers to be convened for the specific purpose of determining whether Law's name should be removed from the active duty promotion list. The selection of officers for the Special Board thereafter was merely ministerial. We conclude that the interpretation of § 271(f) that matters were "pending" from the date the board was authorized does not conflict with any provision of any applicable statute and is reasonable. By analogy, court proceedings are "pending" before a case is assigned to a particular judge or judges. Accordingly, we cannot agree with Law that § 271(f) was improperly interpreted by the trial court.

## IV

### Secretary's Authority

#### A.

Next, appellant asserts that the period of permissible delay expired without the removal of his name from the promotion list. Section 271(f) allows the Secretary to delay an appointment for only one year, unless the Secretary determines that a longer delay is necessary. Section 271(f) also grants an officer, whose appointment was delayed, an effective date of appointment that is equivalent to the appointment date the officer would have had, had the Secretary not delayed the appointment. Accordingly, appellant argues that he was appointed effective June 1, 1990, since the delay has lasted longer than the one year statutory period without the Secretary making a determination that a longer delay was necessary. While the Secretary "acted" within one year, appellant argues that the Secretary's "action" in removing his

name from the promotion list was ineffective because there was no specific delegation of authority to the Secretary to act "For the President." Like the Claims Court, we find this argument to be without merit. In this case, the Secretary of Transportation could act for the President without a specific delegation of the removal power of § 272(a). We adopt the following analysis of Judge Andewelt:

But this argument must fail because long-established precedent provides, in effect, that in situations such as this, the actions of the Secretary of Transportation, as head of the pertinent executive agency, qualify as the acts of the President. In 1839, in *Wilcox v. Jackson*, 38 U.S. (13 Pet.) 498, 10 L.Ed. 264 (1839), the Supreme Court considered the authority of the heads of executive departments to act on behalf of the President. Therein, the pertinent statute provided that land could be reserved for military purposes "by order of President" and the Court was asked to assess the sufficiency of a reservation that had been made by the Secretary of the War. The Court found the reservation sufficient and explained:

[T]he immediate agent in requiring this reservation was the secretary of war, yet we feel justified in presuming that it was done by the approbation and direction of the President. The President speaks and acts through the heads of the several departments in relation to subjects which appertain to their respective duties. . . . [M]ilitary posts . . . belong to the war department. Hence, we consider the act of the war department in requiring this reservation to be made, as being in legal contemplation the act of the President; and, consequently, that the reservation thus made was in legal effect, a reservation made by order of the President, within the terms of the act of congress.

*Id.* 38 U.S. (13 Pet.) at 513.

A long line of subsequent cases adopted the *Wilcox* approach and allowed the head of the pertinent executive agency to serve as the President's alter ego and make determinations assigned by statute to the

President that directly relate to the agency's work. *See, e.g., United States v. Farden,* 99 U.S. 10, 19, 25 L.Ed. 267 (1879) (Secretary of Treasury's suspension of a revenue collector); *United States v. Fletcher,* 148 U.S. 84, 90–91, 13 S.Ct. 552, 554, 37 L.Ed. 378 (1893) (Secretary of War's dismissal from service of an Army officer); *D'Arco v. United States,* 194 Ct. Cl. 811, 816, 441 F.2d 1173, 1175 (1971) (removal of a Marine officer from a promotion list); *Brownfield v. United States,* 148 Ct.Cl. 411, 416–17 (1960) (termination of a temporary appointment to a higher Air Force rank); *Seltzer v. United States,* 98 Ct.Cl. 554, 561 (1943) (discharge of an Army officer from active duty). Here, the Secretary of Transportation may act as the alter ego of the President under Section 272(a) because the Coast Guard "belong[s] to" the Department of Transportation and the specific decision to delay the promotion of a Coast Guard officer relates to a "subject[ ] which appertain[s] to [the Secretary of Transportation's] ... duties." *Wilcox,* 38 U.S. (13 Pet.) at 513.

26 Cl.Ct. at 389.

Appellant argues that, if this court concludes the cited Court of Claims precedent is binding on this court, which it is (*see South Corp. and Seal Fleet, Inc. v. United States,* 690 F.2d 1368 (Fed.Cir.1982) (in banc)), then we should conclude the cases were wrongly decided or no longer apply because of the intervening practice of Presidents to issue orders expressly delegating authority pursuant to 3 U.S.C. §§ 301 and 302.[3]

By §§ 301 and 302, Congress specifically granted the President the authority to delegate responsibilities. However, § 302 contains the caveat that "nothing herein shall be deemed to require express authorization." Thus, where as here, an official is presumed in law to have acted for the President, the above-cited precedent continues to apply. Lieutenant Law's name, therefore, was properly removed from the promotion list by Secretary Skinner acting "For the President."

### B.

▮ Last, appellant argues that the Secretary's action in removing his name from the promotion list was defective because he acted without access to Mr. Law's submissions, without even seeing his service record, without a hearing and without a fair summary of the evidence. Essentially, appellant argues for procedural safeguards against the exercise of the President's discretionary authority under § 272(a). Appellant's argument must be rejected. Section 272(a) does not impede the President's discretion, nor the Secretary's discretion when acting for the President[4], to remove a name from the promotion list. Section 272(a) states "The President may remove the name of any officer from a list of selectees established under

---

**3.** 3 U.S.C. § 301 (1988) states:

> The President of the United States is authorized to designate and empower the head of any department or agency in the executive branch, or any official thereof who is required to be appointed by and with the advice and consent of the Senate, to perform without approval, ratification, or other action by the President (1) any function which is vested in the President or by law, or (2) any function which such officer is required or authorized by law to perform only with or subject to the approval, ratification, or other action of the President: Provided, That nothing contained herein shall relieve the President of his responsibility in office for the acts of any such head or other official designated by him to perform such functions. Such designation and authorization shall be in writing, shall be published in the Federal Register, shall be subject to such terms, conditions, and limitations as the President may deem advisable, and shall be revoca-

ble at any time by the President in whole or in part.

3 U.S.C. § 302 (1988) states:

> The authority conferred by this chapter shall apply to any function vested in the President by law if such law does not affirmatively prohibit delegation of the performance of such function as herein provided for, or specifically designate the officer or officers to whom it may be delegated. This chapter shall not be deemed to limit or derogate from any existing or inherent right of the President to delegate the performance of functions vested in him by law, and nothing herein shall be deemed to require express authorization in any case in which such an official would be presumed in law to have acted by authority or direction of the President.

**4.** As noted above, the Secretary was properly acting for the President when removing appellant's name from the promotion list.

section 271 of this title." Congress has not imposed the procedural limitations on the President's exercise of the authority which appellant asserts. It would be outside our province to create them.

## V

### *Conclusion*

We hold that the Board of Officers which reviewed appellant's promotion satisfied the requirements of 14 U.S.C. § 271(f) and that the Secretary of the Transportation, acting for the President, properly removed Law's name from the promotion list. The judgment is affirmed.

AFFIRMED.