**James W. DRISCOLL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 04–1074 C.**

United States Court of Federal Claims.

July 22, 2005.

Mark L. Waple, Fayetteville, NC, counsel of record for Plaintiff.

Paul R. Wellons, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, DC, counsel of record for Defendant, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Deputy Director; of counsel were Lieutenant Colonel Vanessa Berry and Captain Rebecca Ausprung, Military Personnel Branch, United States Army Litigation Division.

### OPINION

DAMICH, Chief Judge.

James W. Driscoll (hereinafter "Plaintiff") filed this claim under the Tucker Act, 28 U.S.C. § 1491, on June 28, 2004, alleging that the United States (hereinafter "Defendant"), acting through the United States Army, performed its duties arbitrarily and capriciously in denying him a promotion from active duty

major to active duty lieutenant colonel. Compl. ¶ 1.

On November 1, 2004, Defendant filed the current Motion to Dismiss or, in the Alternative, Motion for Judgment upon the Administrative Record (hereinafter "Def.'s Mot.") under Rules 12(b)(1), 12(b)(6), and 56.1 of the Rules of the United States Court of Federal Claims (hereinafter "RCFC"), alleging that (1) Plaintiff's failure to cite a money-mandating statute leaves this Court without jurisdiction; (2) Plaintiff has failed to state a claim upon which relief can be granted because his claims are nonjusticiable; and (3) the decision of the Army Board for the Correction of Military Record ("ABCMR") to deny Plaintiff's petition was not arbitrary, capricious, unsupported by substantial evidence, or contrary to law. Plaintiff responded on January 21, 2005, with its Reply to Defendant's Motion to Dismiss, Alternative Motion for Judgment upon the Administrative Record, and Cross-motion for Judgment upon the Administrative Record (hereinafter "Pl.'s X–Mot."). Briefing on the motions was completed in February 2005.

For the reasons discussed below, Defendant's motion to dismiss is hereby GRANTED, and the cross-motions for judgment on the administrative record are DENIED.

## I. Background

Major John W. Driscoll is an active duty United States Army officer stationed at Fort Sam Houston, Texas, and a 1983 graduate of the United States Military Academy at West Point. Compl. ¶¶ 4, 8. While serving as a Battalion Executive Officer in 1999, Plaintiff was considered for, but ultimately not given, a promotion by the Army Lieutenant Colonel Promotion Selection Board for Fiscal Year 1999 (hereinafter "FY 99 Board"). Compl. ¶¶ 5, 9(V).

After being denied this promotion, Plaintiff claimed that the Army made two errors in determining that he should not be promoted: (1) the Army's Infantry Branch failed to place his current Department of the Army ("DA") photograph in his promotion file,[1] and

(2) the Army Infantry Branch designated Plaintiff as "not being 'Infantry Branch qualified' " when it forwarded his official personnel file to the FY 99 Board. Compl. ¶¶ 7, 25, 30; Plaintiff's Petition in Support of Application for Correction of Military Records (hereinafter "Pl.'s 1st Pet.") at 2, *available at* Administrative Record (hereinafter "AR") at 88, 89. Although Defendant admits that Plaintiff's current photograph was not in his promotion file at the time that the FY 99 Board convened, Defendant's Statement of Facts (hereinafter "Def.'s SF") ¶ 10, Defendant claims that the file indicated that Plaintiff was infantry branch qualified because it contained an Officer Record Brief ("ORB") reflecting his branch-qualifying service as a Battalion Executive Officer ("XO"). Def.'s SF ¶ 6; Defendant's Response to Plaintiff's Counter–Statement of Facts (hereinafter "Def.'s Resp. to Pl.'s CSF") ¶ 4.

The parties agree that the file contained the ORB, and they agree that, at the time Plaintiff was considered for promotion, he did not have an Officer Evaluation Report ("OER") for his XO position because his rater did not submit one. Def.'s SF ¶ 6; Plaintiff's Counter–Statement of Facts (hereinafter "Pl.'s CSF") ¶ 6; Def.'s Resp. to Pl.'s CSF ¶ 6. Although Plaintiff believes that the FY 99 Board did not know that he was branch qualified, *see* Compl. ¶ 25, Defendant contends, and Plaintiff does not disagree, that Plaintiff's ORB, *by itself,* reflected his infantry-branch-qualifying service as an XO. Def.'s SF ¶ 6; Pl.'s CSF ¶ 6. Furthermore, Plaintiff had previously served in a branch-qualifying position at the United States Military Academy Preparatory School ("US-MAPS"). However, he claims that the Board did not consider that position as infantry branch qualifying because a new Department of the Army Pamphlet ("DA–PAM 600–3") changed the position's status to non-branch-qualifying before the convening of Plaintiff's ABCMR hearing.

After receiving the decision of the FY 99 Board, Plaintiff challenged the promotion de-

---

**1.** The outdated photograph in the file was over a year old and therefore did not correctly show the number of medals Plaintiff had been awarded or

his current unit of assignment. *See* Compl. ¶¶ 37, 40.

nial, based on the above theories, by filing a petition with the ABCMR. Compl. ¶ 5; *see also* Pl.'s 1st Pet. at 1. In his petition, Plaintiff requested a correction of his record, so that his current DA photo and an indication that he is infantry branch qualified would be placed in his file. Pl.'s 1st Pet. at 20. In the alternative, he requested promotion to Lieutenant Colonel. *Id.* On October 25, 2000, the ABCMR recommended that, because of errors and injustice, Plaintiff should be promoted to lieutenant colonel. ABCMR Proceedings of 10/25/00, at 5, *available at* AR 76. Deputy Assistant Secretary Karl F. Schneider received the Board's recommendation, but instead of approving the recommendation, he chose the alternative of ordering that Plaintiff's file be referred to a Special Selection Board ("SSB") for promotion reconsideration. This action was consistent with general procedures. Memorandum for Chief, U.S. Total Army Personnel Command from Schneider of 3/9/01, at 1–2, *available at* AR 74–75.

Plaintiff's attorney responded to Mr. Schneider's memorandum by, in part, requesting that specific instruction be placed in Plaintiff's file explaining that he was branch qualified and requesting an opportunity to submit an OER for his Battalion Executive Officer position to complete his record (known as a "complete-the-record" OER). Compl. ¶ 47, Letter from Waple to Schneider of 1/18/01, at 2–3, *available at* AR 74.[2] In contravention of Army Reg. 600–8–29, the SSB convened without notifying Plaintiff and before he had received a response from Mr. Schneider. Def.'s SF ¶¶ 14–16. But it is undisputed that, at the SSB hearing, Plaintiff's file contained his current photo, as well as a copy of the previous DA–PAM, which listed his USMAPS and XO positions as branch qualifying. Def.'s SF ¶ 15; Pl.'s CSF ¶ 15. The SSB decided not to promote Plaintiff. Letter from Logan to Driscoll of 9/6/01, at 1, *available at* AR at 29, 69.

Since the SSB declined to promote him, Plaintiff filed a complaint with the Department of the Army Inspector General ("DAIG"). Def.'s SF ¶ 17. The DAIG concluded that there were a number of procedural errors made by the SSB in processing Plaintiff's reconsideration for promotion, stating that, "the preponderance of evidence indicates that the issue that you have not been afforded due process … was founded." Letter from Trehame to Driscoll of 11/7/01, at 3, *available at* AR at 73. Thus, the DAIG allowed Plaintiff to submit an application for reconsideration of the SSB's decision to the ABCMR. *Id.*

The ABCMR denied Plaintiff's application for reconsideration in its Memorandum of Consideration. Letter from Chun to Waple of 1/29/03, at 1, *available at* AR at 1; Memorandum of Consideration, *available at* AR at 3 (hereinafter "ABCMR Memorandum"). The ABCMR found that: (1) It was "mere speculation" for Plaintiff to conclude that he was not selected for promotion due to the FY 99 Board's impression that he was not branch qualified, because selection boards do not give reasons for failure to promote, ABCMR Memorandum ¶¶ 3(b), 4(a); (2) Plaintiff was not prejudiced by the SSB's failure to give notice before convening or by the lack of a timely reply from Mr. Schneider, because regulations specifically prohibit communication with the SSB, ABCMR Memorandum ¶¶ 4(b), 5; (3) The Army's decision not to allow Plaintiff's rater to submit a "complete the record" OER for his then-current assignment as Battalion Executive Officer was not error because such submission is solely at the discretion of the rater, ABCMR Memorandum ¶ 4(c)-(d); and (4) Plaintiff received due process consistent with regulations, fairness, and equity among officers undergoing promotion reconsideration, ABCMR Memorandum ¶ 10(c). Once the ABCMR denied Plaintiff's application for reconsideration, Plaintiff filed the present suit, seeking a retroactive promotion to lieutenant colonel and the back pay and allowances that would have resulted from such a promotion.

## II.   Defendant's Motion to Dismiss

Defendant claims that Plaintiff's case should be dismissed due to (1) lack of subject

---

**2.**   There is a discrepancy in the timing of this correspondence: the letter Plaintiff's counsel sent is dated January 18, 2001, while the memorandum to which the letter was responding is dated March 9, 2001.

matter jurisdiction or (2) failure to state a claim upon which relief can be granted.

When determining whether to grant Defendant's motion to dismiss, the Court must resolve all factual issues in favor of Plaintiff as the non-moving party. *See Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988). However, when considering Defendant's motion to dismiss for lack of subject matter jurisdiction, Plaintiff has the burden of proof by a preponderance of the evidence. *Reynolds,* 846 F.2d at 748.

Plaintiff maintains that the Court of Federal Claims has jurisdiction over his claims pursuant to the Tucker Act, which grants the Court jurisdiction

> to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). Nevertheless, the Tucker Act itself is not an "act of Congress" upon which a claim can be based. *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *Fisher v. United States,* 402 F.3d 1167, 1172 (Fed.Cir.2005). As *Fisher* states, "The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver [of sovereign immunity] of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Id.*

To meet the requirement of pleading a money-mandating statute, the Supreme Court has said that a plaintiff must identify a statute that is "reasonably amenable to the reading that it mandates a right of recovery in damages." *United States v. White Mountain Apache Tribe,* 537 U.S. 465, 473, 123

S.Ct. 1126, 155 L.Ed.2d 40 (2003). If a court determines "that the source [of substantive law] as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction." *Fisher,* 402 F.3d at 1173.

Unfortunately, Plaintiff has pleaded no such statute: His complaint claims jurisdiction solely under the Tucker Act. Compl. ¶ 1. Nevertheless, in the interest of justice, the Court will consider, on its own initiative, two statutes that normally would be proffered as providing jurisdiction in this kind of case: 10 U.S.C. § 1552,[3] which allows for the correction of military records and governs claims incident thereto, and the Military Pay Act ("MPA"), 37 U.S.C. § 204.

### A. 10 U.S.C. § 1552

■ In 2002, this Court held that § 1552 is money mandating, stating that "[i]t is well settled that this court has jurisdiction to consider claims that the Secretary or a correction board has improperly failed to correct an alleged error or injustice." *Mercer v. United States,* 52 Fed.Cl. 718, 721 (2002) (citing *Crispino v. United States,* 3 Cl.Ct. 306, 312 (1983) (citing *Sanders v. United States,* 219 Ct.Cl. 285, 594 F.2d 804 (1979))). In 2003, the Federal Circuit confirmed that § 1552 is a money-mandating statute in *Martinez v. United States,* 333 F.3d 1295, 1314–15, 1315 n. 4 (Fed.Cir.2003) (en banc). However, according to precedent in the Federal Circuit, § 1552 generally "is not the source of the right to back pay." *Id.* at 1315, 1315 n. 4. Since Plaintiff is alleging a right to back pay, § 1552 does not apply to this case unless a military correction board has (1) "conclude[d] that the service member's discharge was unlawful," or (2) "granted relief and the service member seeks to enforce or challenge the implementation or scope of the remedial order." *Id.* at 1314–15, 1315 n. 4.

---

3. Although Plaintiff's complaint does not cite 10 U.S.C. § 1552 as a basis for jurisdiction, Plaintiff addresses the statute in portions of his complaint and in his cross-motion. *See* Compl. ¶ 42 ("Plaintiff ha[s] suffered an 'error or an injustice' as contemplated by Title 10, United States Code, § 1552, in that Plaintiff was not promoted to the next higher pay grade by the FY 99 LTC Promotion Board."); Pl.'s X–Mot. at 4 (stating that the statute pertains to the power of the Secretary of a military department to correct military records and compensate for lost pay and allowances).

Initially, it is obvious that Plaintiff's claim is not subject to the first exception to the rule that § 1552 does not apply to back pay claims, as Plaintiff has never been discharged from the Army. *See* Defendant's Response to Plaintiff's Cross–Motion for Judgment Upon the Administrative Record and Reply to Plaintiff's Response to Motion to Dismiss or, in the Alternative, Motion for Judgment Upon the Administrative Record (hereinafter "Def.'s Reply") at 2; *Mercer v. United States,* 52 Fed.Cl. 718 (2002) (holding that § 1552 was not money mandating where Plaintiff had failed to get promoted but did not lose position or pay). It is also clear that Plaintiff cannot rely on the second exception to the rule, since no board has granted him relief that he can seek to enforce. Thus, § 1552 can never confer the back pay that Plaintiff seeks. Furthermore, as § 1552 does not govern promotions, it also cannot provide the money-mandating statute for the promotion portion of Plaintiff's claim.

### B. The Military Pay Act

■ The Military Pay Act governs entitlement to pay for members of the uniformed services. 37 U.S.C. § 204. As a result, the Federal Circuit has stated, "It is well established that the Military Pay Act is a money-mandating statute." *Smith v. Secretary of the Army,* 384 F.3d 1288, 1294 (Fed.Cir.2004) (citing *Dysart v. United States,* 369 F.3d 1303, 1315 (Fed.Cir.2004)). Nevertheless, the Federal Circuit has also held that the pertinent question regarding the jurisdiction provided by the MPA is whether the MPA "could provide a monetary remedy under the circumstances" of the case at issue. *Smith,* 384 F.3d at 1294. For the reasons provided below, the Court holds that the Act cannot provide a monetary remedy in this case.

Plaintiff is requesting a promotion and back pay that he would have received as a result of the promotion that he was ultimately denied. But, as the Supreme Court held in *Testan,* "one is not entitled to the benefit of a position until he has been duly appointed to it." 424 U.S. at 402, 96 S.Ct. 948. Fur-thermore, the Federal Circuit has held that the MPA does not entitle a plaintiff to receive the pay of a rank higher than the one at which he has already achieved. *See Law v. United States,* 11 F.3d 1061, 1064 (Fed.Cir. 1993); *Howell v. United States,* 230 Ct.Cl. 816, 817 (1982); *Knightly v. U.S.,* 227 Ct.Cl. 767, 769, 1981 WL 21447 ("We do not have jurisdiction of a back pay claim predicated on a promotion not received."); *Smith,* 384 F.3d at 1294.[4] Nevertheless, there are two exceptions to this general rule, and if one of these applies, the Court will have jurisdiction over Plaintiff's claims for back pay under the MPA: (1) if a plaintiff's legal theory provides a "clear-cut legal entitlement" to the promotion at issue or (2) if a decision not to promote a plaintiff results in his involuntary discharge. *Smith,* 384 F.3d at 1294–95.

When considering the first exception to the rule that the MPA does not govern claims for promotions not received, the Federal Circuit has made it clear that a plaintiff does not have a "clear-cut legal entitlement" to a promotion unless everything necessary for the appointment has been done except the making of the appointment itself. *Compare id.* at 1295 (holding that there was no "clear-cut legal right to promotion" where the plaintiff claimed that he was *considered for* a promotion later than he should have been due to the military's failure to give him timely credit for post-graduate work), *with Dysart v. United States,* 369 F.3d 1303, 1315 (Fed.Cir. 2004) (finding that it was possible for Plaintiff to get relief where there were "constitutionally-mandated steps in the appointment process—nomination, confirmation, and actual appointment—[that] would be followed absent improper action by subordinate officials."), *Law,* 11 F.3d at 1065 ("Law is not asking the Claims Court to order his promotion but to recognize that it had occurred."), *and Skinner v. United States,* 219 Ct.Cl. 322, 594 F.2d 824, 830 (1979) (finding the Military Pay Act to be money-mandating where the military refused to recognize that plaintiff had fulfilled all legal requirements to be promoted). Since Plaintiff in the present case simply alleges that he was denied pro-

---

**4.** The United States Court of Claims is the predecessor to the Court of Federal Claims and the United States Court of Appeals for the Federal Circuit. *See Doe v. United States,* 372 F.3d 1347, 1350 (Fed.Cir.2004). Therefore, the decisions of the Court of Claims are binding on both courts.

motion for which he was *eligible,* not promotion to which he was *entitled,* Plaintiff cannot take advantage of the first exception listed above.

Next, when considering the second exception to the rule that the Court cannot use the MPA to review back pay claims based on a promotion not received, it is clear that Plaintiff is, as stated in Part II.A., *supra,* still in the Army, serving in the position of active duty Major (O–4). *See* ¶ Def.'s SF ¶ 1. Since Plaintiff cannot avail himself of either of the exceptions outlined above, the Court finds that the Military Pay Act, like § 1552, does not provide a basis under which Plaintiff can obtain relief for his back pay claims. As a result, the Court also cannot entertain Plaintiff's claim of a right to promotion, as any ruling regarding promotion would not be incident to a monetary award, and therefore would be outside of the jurisdiction of the court. *See Adkins v. United States,* 68 F.3d 1317, 1324 n. 9 (Fed.Cir.1995) (citing, *Voge v. United States,* 844 F.2d 776, 781 (Fed.Cir. 1988)) ("[T]he Court of Federal Claims [i]s without authority to direct the Secretary to promote [plaintiff] … because such relief would not be subordinate or collateral to a monetary award."); *see also Austin v. United States,* 206 Ct.Cl. 719, 723, 1975 WL 22844 (1975).

### III. Other Motions

As Defendant's motion to dismiss for lack of subject matter jurisdiction has been granted, the Court finds it unnecessary to address Defendant's motion to dismiss for failure to state a claim upon which relief can be granted or to address the cross-motions for judgment upon the administrative record.

### IV. Conclusion

Defendant's motion to dismiss Plaintiff's claims for lack of subject matter jurisdiction is hereby GRANTED; Defendant's motion to dismiss for failure to state a claim, is DENIED; and the cross-motions for judgment

on the administrative record are hereby DENIED. Furthermore, Plaintiff's Motion for Leave of Court to Amend its Counter–Statement of Facts, filed May 19, 2005, is DENIED.[5]

The Clerk of the Court is directed to dismiss this case without prejudice.

---

5. Plaintiff filed a last-minute Motion for Leave of Court to Amend Plaintiff's Counter–Statement of Facts on May 19, 2005, seeking to add a statement by his rater to the effect that the rater would have given him a favorable OER if Plaintiff had requested one. The Court must deny this motion, however, as (1) Plaintiff has already presented this issue in his briefs; (2) the ABCMR addressed this issue in ¶ 4(c)-(d) of its Memorandum of Consideration; and (3) the rater has sole discretion to file an OER. Army Regulation 623–105.